## JAMES HOFFMIRE v. WM. L. HOLCOMB.

ACCEPTING BENEFITS OF JUDGMENT, *Admits its Validity; Waiver.* A party holding the fee in mortgaged premises, and against whom a decree of foreclosure is entered, cannot, after voluntarily taking the surplus arising from the sale of said premises upon such decree, maintain a proceeding in this court to set aside the decree of sale. The receipt of such surplus is a waiver of any errors, if errors there be, in the proceedings.

*Error from Dickinson District Court.*

AT the April Term 1873 of the district court, *Holcomb*, as plaintiff, recovered a judgment against Samuel H. Weaver for the sum of $532.29, and costs, and a decree against said Weaver and wife, and *James Hoffmire* and three others, foreclosing a mortgage given by Weaver and wife to secure the note on which said judgment was recovered, and for a sale of the mortgaged premises. Sale thereof was had; and at the September Term 1873 of the said court, a motion by defendants to set aside said sale was overruled, and the sale confirmed — the court ordering the sheriff to pay a surplus arising on such sale into court to abide its further order. Said surplus was afterward paid to and received by defendant *Hoffmire*. *Hoffmire* brings the case here, and alleges error in overruling the motion to set aside said sale. In this court *Holcomb* moves to dismiss the petition in error.

*James Mahon,* in support of the motion to dismiss.

*Case & Putnam,* for Hoffmire, in opposition.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of Dickinson county, to foreclose a mortgage. A decree was entered, and sale made. James Hoffmire, the grantee of the mortgagor, and who held the fee at the time of the foreclosure, is the only party complaining here. On the sale, the property realized more than the claims against it. Upon confirmation of the sale the district court ordered that the surplus be paid over to Hoffmire as the owner of the fee, and it was so done. Having received such surplus, can he now question the sufficiency of the proceedings? We think not. A party cannot voluntarily appropriate the benefit of judicial proceedings, and at the same time maintain an action to have them set aside. Take the present case: Suppose on the examination of the record it should appear that there was error in the decree, or sale, and a reversal should be ordered: the money which the purchaser paid would be in Hoffmire's possession, while the purchaser would have nothing. The only right which Hoffmire had to take the money, rests upon the assumption that a valid sale had been made. He cannot act upon that assumption, and at the same time deny its existence. *Babbitt v. Corby*, 13. Kas. 612.

The motion to dismiss will be sustained.

All the Justices concurring.