JOHN HEADRICK, *Adm'r of the estate of William T. Kirby, deceased,* v. PETER YOUNT.

1. CAVEAT EMPTOR; *Rule of, Applied to Sale of Land by Administrator.* An administrator, under an order of the probate court, sold to Y. a certain piece of land as belonging to the intestate's estate, but which land did not in fact belong to the estate, Y. agreeing to pay for the land $600, of which amount he in fact paid $400. Y., at the time, had full knowledge of all the facts concerning the title to said land. Said sale was confirmed by the probate court, and the court ordered that the administrator execute a deed to Y. for the land, and also ordered that the administrator hold said $400, subject to the further order of the probate court. Afterward, the administrator executed and delivered to Y. a deed for the premises. There was no warranty, and no fraud or deceit. Afterward, Y. executed a deed for said land, reconveying the land to the administrator, and requested of him a return of said $400, but the administrator refused. Y. then commenced an action against the administrator, setting up said facts, and praying for a judgment against the administrator for said $400, and for such other and further relief as he might be entitled to in equity. *Held,* That the action cannot be maintained; that a person purchasing land at an administrator's sale, in the absence of fraud, purchases at his own risk; that the rule of *caveat emptor* applies, and where the purchaser makes the purchase and pays his money with a full knowledge of all the facts, and does not seek any remedy until after the sale is confirmed and the deed executed and delivered to him, he has no remedy to recover the money, although the property may not in fact have belonged to the intestate's estate.

2. ———— *Practice; Error.* Where all the evidence is objected to, on the ground that the petition does not state facts sufficient to constitute a cause of action, it is error for the court to permit the plaintiff, for the purpose of making out a case, to introduce evidence not authorized by the petition nor by any of the allegations thereof.

3. ———— *Practice; When No Waiver of Error.* Where a judgment is rendered in the district court against an administrator for a certain amount of money, and the administrator does nothing in the case, or affecting the case, except to take it to the supreme court, and to there prosecute a petition in error for the reversal thereof, but after the judgment is rendered in the district court, the administrator has a final settlement with the probate court, and the administrator is allowed to retain said money in his hands, and is finally discharged, *held,* that no error committed by the district court is waived or cured by said proceeding in the probate court.

*Error from Cowley District Court.*

AT the December Term, 1878, of the district court, *Yount,* as plaintiff, had judgment against *Headrick*, as administrator, etc., as defendant. New trial denied, and *Headrick* brings the case here. The facts are sufficiently stated in the opinion.

*J. E. Allen*, for plaintiff in error:

The district court ought to have sustained the demurrer of plaintiff in error to the petition of defendant in error. The petition shows that Headrick proceeded in his capacity as administrator to sell said lands, and that he was so ordered by the probate court. The petition nowhere contains a charge of fraud or bad faith on the part of Headrick; and the only fault charged and excuse given for said purchase, in the language of the petition, is: "The plaintiff further alleges, that by reason of his placing undue confidence in the proceedings aforesaid, and the solemn judgment of the honorable probate court thereon, he was induced to purchase said land." This, and nothing more, induced him to purchase. The administrator was in nowise to blame for his placing such implicit faith in the solemn judgment of the probate court. The petition did not state facts sufficient to constitute a cause of action in favor of Yount. The administrator was in no way responsible for the quality of the title that the purchaser got at the sale, or whether he obtained any title or not. It is well established, that the rule of *caveat emptor* is strictly applicable to all sales by administrators. (*McConnell v. Smith,* 39 Ill. 289; *Bingham v. Maxcy*, 15 id. 295.) To apply to a sale by an administrator any rule other than the above, would make the position of an administrator a dangerous one indeed.

The judgment of the court below was erroneous, in that it rendered judgment against Headrick, as administrator, etc., and also against Headrick himself. The judgment ought to have been, if at all, against the estate of Kirby. (*Peck v. Stephens*, 5 Gilm. 127; *Powell v. Kettle*, 1 id. 491; *Welch v.*

*Wallis,* 3 id. 490; *Greenwood v. Spiller,* 2 Scam. 502; *Burnap v. Dennis,* 3 id. 478; *McDonnell v. Weight,* 4 id. 402.)

*E. S. Torrance,* for defendant in error:

The evidence certainly showed that the administrator was guilty of such fraud and misrepresentation as would bring the case within the exception to the rule of *caveat emptor.* "If misrepresentations be made by the person selling, and be relied on by the buyer, to the injury of the latter, the sale will be set aside, and the money will be restored, if not already paid over or distributed." (Rorer on Judicial Sales, 175.) This case, as developed by the testimony, falls squarely within the principle above enunciated. Under the order of the probate court, the administrator could not lawfully have distributed any portion of the money included in the judgment in this action. He also had notice that the purchaser claimed a return of the purchase-money before he disbursed any portion of that for which judgment was recovered. Besides, none of the disbursements claimed by him to have been actually made, were made on account of claims for which the estate was liable. Granting that the petition was insufficient, because no fraud was alleged therein against the administrator in the sale of the land, that defect was cured, and any error that could be founded thereon waived by the plaintiff in error, in permitting fraud and misrepresentation in the sale of the land to be proved on the trial without objection; and the trial court was justified in considering such testimony in its decision of the case and the rendition of judgment therein, which judgment should not now be reversed by this court on account of such original defect in the petition. (Civil Code, §§ 133, 140.)

If Yount had any remedy at all, it was against Headrick, and not the Kirby estate. If Headrick practiced fraud in the sale of the land, then of course he could be held personally liable. If there was no fraud, and Yount had only an equitable right to have the purchase-money refunded, for the reason that Kirby had no interest in the land which was the

subject of sale by the administrator of the estate, then of course the estate had no rightful claim to the purchase-money, and it should not become part and parcel of the estate, to be distributed in the course of administration.

The land sold by the administrator was no part of the estate of his intestate. At the date of Kirby's death, the title to the land was in the government, and the temporary or inchoate interest which Kirby theretofore had in the land was wholly extinguished by his death. He possessed no estate of inheritance in the land, and therefore had no interest therein which, after his death, could be subjected to the payment of his debts, by an administrator's sale, or otherwise. The entry was made in favor of Kirby's heirs, and must be considered as an original grant from the government to them, wholly discharged from the payment of the debts of their ancestor. (*Davenport v. Farrar,* 1 Scam. 317; *Wells v. Moore,* 16 Mo. 480–482.)

The statute provides that "the real estate of the deceased, or any interest he may have in real estate, situated within the state, subject to the payment of his debts," may be sold by order of the probate court, on the application of the administrator. (Gen. Stat., ch. 37, § 114.) The deceased having had no interest in the land sold in this instance, and that fact appearing from the records of the probate court, does it not follow as a conclusion of law, that the probate court had no jurisdiction of the subject-matter of the proceedings relating to the sale of the land by the administrator, and consequently that such sale was void, and that the purchaser had a legal right to have the money refunded to him? (*Johnson v. Collins,* 12 Ala. 322; *McCain v. McCain,* id. 510; *Bishop v. Hampton,* 15 id. 761; *Wyatt v. Rambo,* 29 id. 510; *Bishop v. Blair,* 36 id. 80.)

In the absence of fraud, the law will not, ordinarily, relieve a purchaser at a judicial sale who acquires a *defective* title. It has sometimes relieved in such case, when seasonably applied for, when the purchaser acquired by the sale *no title. Hamsmith v. Espy,* 19 Iowa, 446; *Bolin v. Pollock,* 7

Mon. (Ky.) 26; 4 Litt. (Ky.) 244; 3 id. 427; 3 Blackf. 293; 6 Iowa, 19.

A mistake as to the ownership of land partakes as much of the character of a mistake of fact as it does of a mistake of law; at the most, it is a mixed question of fact and law. Equity will relieve against a mistake of fact. Relief has also been afforded in cases where the mistake was a mixed one of fact and law; and in some instances, courts of equity have granted relief on account of a plain mistake arising from ignorance of law, or a mutual misconception of legal rights. (11 Ohio, 480; 8 Wheat. 174; 1 Peters, 1; 1 Edw. Ch. 466, and cases cited; 45 Mo. 157; 19 Iowa, 369; 6 Paige's Ch. 189; *Emerson v. Navarro*, 31 Tex. 334; *Bennett v. Marvin*, 8 Paige's Ch. 312.)

The opinion of the court was delivered by

VALENTINE, J.: The only question of any importance presented in this case is, whether the petition in the court below sets forth facts sufficient to constitute a cause of action. The question was raised by the defendant in the court below, first, by a demurrer to the petition; and secondly, by objecting to the introduction of any evidence under it. Peter Yount was the plaintiff in the court below, and John Headrick, administrator of the estate of William T. Kirby, deceased, was the defendant. The plaintiff alleged in his said petition the following facts, to wit: John Headrick was the administrator of the estate of William T. Kirby, deceased, and as such administrator and under an order of the probate court, sold to the plaintiff a certain piece of land as the property of said estate, but which land did not in fact belong to the estate — the plaintiff agreeing to pay for the land $600, of which amount he in fact paid $400. The probate court confirmed said sale, and ordered the administrator to execute a deed to the plaintiff for the land, and also ordered him to hold said $400 subject to its further order. Afterward, the administrator executed and delivered to the plaintiff a deed for the premises. The "plaintiff further alleges, that by reason of

his placing undue confidence in the proceedings aforesaid, and the solemn judgment of the honorable probate court thereon, he was induced to purchase said land as aforesaid, under a misplaced confidence in the belief that upon the entry thereof as aforesaid by the said administrator [that is, the entry of the land for the heirs at the U. S. land office by the administrator], the same would become part and parcel of said estate." Afterward, the plaintiff and his wife executed a deed for said land, reconveying the land to the administrator, and then tendered the deed to him, and requested of him a return of said $400, but he refused. The plaintiff prayed in his petition for a judgment for said $400, and for such other and further relief as he might be entitled to in equity.

We think the plaintiff's petition was insufficient, and therefore that the court below erred in overruling the defendant's demurrer thereto, and also erred in overruling the defendant's objection to the introduction of any evidence under it. A person purchasing at an administrator's sale (in the absence of fraud) purchases at his own risk. The rule of *caveat emptor* applies in all its rigor. And besides, the mistake made in the present case was a mistake of law, and not a mistake of fact. The plaintiff shows by his petition that he had full knowledge of all the facts with reference to the title to said land, and yet he purchased it because of a mistaken confidence in the validity of the probate court proceedings ordering it to be sold, and in the effect of the administrator's entry of the land at the United States land office. No warranty was alleged, and no fraud or deceit was charged or imputed to any one. And the plaintiff not only purchased the land with a full knowledge of all the facts, and paid $400 of the purchase-money, but he then waited until the sale was confirmed, and the deed executed and delivered to him, before he made any objection to the sale, or resorted to any remedy for his unfortunate purchase. Under such circumstances, we think he has no remedy. The plaintiff still owes $200 on said sale. Probably he could defeat an action against

him for that amount, on the ground of a *total failure* of consideration. Perhaps, also, that at any time before the administrator's deed was finally executed and delivered to the plaintiff, the plaintiff might have had a remedy for the $400 paid by him, by making a motion in the probate court, upon proper notice to the administrator, to set aside said sale on the ground of a *total failure* of title to the land; for, up to the final execution and delivery of the deed, the sale might be said in one sense not to have been fully completed, and the probate court, up to that time, would have had full power in the premises. Generally, however, where any person pays money, having full knowledge of all the facts which would show that he is not bound to pay the same, or that he receives no consideration therefor, he is presumed to give, and has no action to recover the money back, and this is especially true where he allows the whole transaction to be completed before he takes any steps to recover his money.

With reference to the evidence, we would say, that all the evidence was objected to on the ground that the petition below did not state facts sufficient to constitute a cause of action — on the ground that the petition did not authorize the introduction of any evidence. If, therefore, any evidence not authorized by the petition, nor by any of the allegations thereof, but necessary for the plaintiff to make out a case, was introduced by the plaintiff for the purpose of making out a case, the introduction of such evidence was additional error.

The defendant in error, however, claims that all errors have been waived, and that the plaintiff in error is estopped from setting up any errors, upon the following grounds, to wit: After the judgment was rendered in this case against the administrator, he made a final settlement with the probate court, and was not charged by it with said $400 received of the plaintiff below, but was allowed to retain the same, and was finally discharged. Considerable confusion has existed in the argument of this case as to whether the action was brought and prosecuted, and the judgment rendered

therein against the defendant below, *as the administrator of Kirby's estate,* or against him *personally.* The defendant in error, who raises this question in this court, claims that the judgment was rendered against the defendant below *personally,* and therefore we shall decide this question upon that theory, without expressing any opinion ourselves as to whether such theory is correct or not. We do not think that any error has been waived or cured by said proceedings in the probate court, or by any other proceedings. The defendant (plaintiff in error) has done nothing in this case, or affecting the case, since the judgment was rendered therein against him, except to bring the case to this court, and to prosecute this petition in error. The proceedings in the probate court did not affect the status of this case, nor was the defendant in error a party to such proceedings. Nothing has transpired between the plaintiff and the defendant by which the defendant has ratified or acquiesced in the judgment. Nor has the defendant received any benefits under or by virtue of the judgment, for the judgment did not award to him any benefits; and he has not paid, or in any manner complied with, any of the requirements of the judgment. If this judgment was rendered against the defendant in his representative capacity as administrator, we should still hold that no error committed by the district court was cured or waived by the proceedings in the probate court; but then the question would arise, Is this petition in error prosecuted by the right person? Upon this question we need not express any opinion.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.