## JOHN SECKLER v. JOHN DELFS, et al.

1. JUDGMENT, *Valid; Questions which are Res Adjudicatæ.* Where a case is tried before a justice of the peace without a jury, and the plaintiff introduces his evidence and rests, and then one of the defendants demurs to the evidence, and the justice sustains the demurrer, and then renders judgment against the plaintiff and in favor of all the defendants for costs, *held,* that such judgment is not void, but is valid, and the questions involved therein are *res adjudicatæ.*

2. JUDGMENT *Should have been Affirmed.* None of the evidence was preserved in said case, but afterward the plaintiff took the case to the district court on petition in error, without taking any of the evidence in the case; and there not appearing any ground for a reversal of the judgment, except the entertaining and sustaining of said demurrer, and the rendering of the judgment in favor of all the defendants—in favor of those who did not demur, as well as in favor of the one who did— *held,* that the judgment of the justice should have been affirmed.

3. PETITION IN ERROR, *Dismissal of, not Material Error.* While this petition in error was pending in the district court, it was shown that the plaintiff had commenced another action against the same defendants for the same cause of action, and the district court, considering that the plaintiff, by the commencement of this second suit, had waived all errors supposed to have been committed by the justice of the peace, dismissed the plaintiff's petition in error: *Held,* That although there was really no waiver of errors, and that the judgment of the justice of the peace should have been affirmed, still, that the district court did not commit any material error by dismissing the plaintiff's petition in error.

4. REAL-ESTATE MORTGAGE; *Nature and Enforcement of Lien.* Although a stipulation in a real-estate mortgage may seem to give the mortgagee the right, after condition broken, to take possession of the mortgaged property, and to take the rents and profits thereof, still such a mortgage gives only a lien upon the mortgaged property and the rents and profits, and this lien can be enforced only by an action brought in the district court, the same as in other cases. Such a stipulation does not transfer the title to the rents and profits to the mortgagee.

*Error from Leavenworth District Court.*

ACTION brought by *Seckler* against *Delfs* and others, for rent. The nature of the action, and the facts, sufficiently appear in the opinion. Judgment for the defendants at the

September Term, 1879, of the district court.   The plaintiff brings the case here.

*H. T. Green,* for plaintiff in error.

*Lucien Baker,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: About the only material question to be solved in this case is, with respect to the stipulation contained in the mortgage hereinafter mentioned.   This case, or the record of the case, or to be still more exact, the record of the two cases now presented to us, is considerably mixed and confused.   We have two cases blended together in one record, in strange and wonderful confusion; yet we suppose that upon such a record of two separate cases we are expected to make clear and lucid decisions; to make the crooked straight, and to give clearness and distinctness to that which is obscure and bewildering.   In many cases it requires more labor to understand the record than it does to decide the questions of law involved therein, after we have ascertained what the record means.

We shall try to separate the two cases, and to decide each separately.

I. The first case was an action commenced before a justice of the peace, by John Seckler against John Delfs, for rent of certain real estate.   Other persons were made parties defendant, whether rightfully or not, it is not necessary in this case to determine.   On the trial the plaintiff introduced his evidence, and rested.   One of the defendants ( not Delfs) then demurred to the plaintiff's evidence, and the court sustained the demurrer.   And then, without the other defendants interposing any demurrer or making any motion, or doing anything else, the court rendered judgment against the plaintiff and in favor of all the defendants for costs.   Whether this judgment was sustained by the evidence or not, we cannot tell, as none of the evidence has been preserved.   The plaintiff afterward

took this case to the district court on petition in error. In the district court this case was dismissed on motion of the defendants in error, because of a supposed waiver of errors by the plaintiff in error. It seems that after said judgment of the justice was rendered, the plaintiff, for some unknown and unaccountable reason, supposing it to be void, commenced another action in the district court against the same parties for the same subject-matter, in which action the plaintiff of course failed, the subject-matter thereof. having already been determined, and the questions involved having become *res adjudicatœ*. The supposed waiver of errors was founded upon the acts of the plaintiff in prosecuting another action for the same subject-matter. Now if he had a right to prosecute another action for the same subject-matter, after the final determination of the justice of the peace with reference thereto, we suppose that this second prosecution for the same thing would be a waiver of errors; but clearly having no such right, and his second prosecution being futile and void, we do not think that such a futile attempt could be construed into such a waiver. In other words, his treating the justice's judgment as being absolutely void, a harmless nonentity, a nullity, could not be considered as a willingness to treat it as absolutely valid, as final and conclusive, unreviewable, unreversible, and as though all errors and irregularities that might be contained therein were to be considered as right and proper. We think the court below erred in considering that the errors had been waived, and in dismissing the petition in error. But was the error material? We think not. It has never in this court been considered material error, as against the plaintiff, for a court to dimiss his action where the judgment ought in fact to have been rendered against him upon the merits. But on the contrary, such an error has been considered as immaterial (*Case v. Hannahs*, 2 Kas. 490.)

In the present case judgment should have been rendered against the plaintiff upon the merits: that is, the judgment of the justice should have been affirmed. From anything

that we can see, no ruling was made by the justice prejudicial to the substantial rights of the plaintiff. The rulings of the justice of which the plaintiff complains, are: First, entertaining said demurrer; second, sustaining it; and third, rendering judgment in favor of those defendants who did not demur. It can make no difference whether the demurrer to the plaintiff's evidence should have been entertained or not. The case was submitted to the justice upon the evidence of the plaintiff as a finality and a conclusion on his part, unless the defendants should afterward introduce evidence, which they did not; and upon the evidence as thus introduced, the justice decided that the plaintiff could not recover. It made no difference whether this decision was made at the instance of one or another of the defendants, or of all of them, or whether it was made upon the justice's own motion. The justice heard all of the plaintiff's evidence, and upon such evidence decided against him; and as the evidence was not preserved the district court could not have held otherwise than that the justice decided correctly. It will be remembered that the case was tried by the justice alone, and without a jury.

The judgment of the district court, on the petition in error from the justice of the peace, will be affirmed.

II. We now come to the second action. In the first action the plaintiff sued for rent due for three months, September, October and November, 1875. In the second action he sued for rent for five months, which included the same months for which rent was sued for in the first action, and also for the months of December, 1875, and January, 1876. As to the three months' rent he of course could not recover, for that had been determined in the first action. But could he recover for the other two months' rent? The property was in the actual possession of the defendant Delfs, who was a tenant of the mortgagor. The plaintiff claims the rent from such tenant under and as the assignee of the mortgagor. The defendant Bond claims the rent under and as the assignee of the mortgagee. It is therefore very important to ascertain the

rights of the parties under the mortgage, and to examine the stipulations contained in the mortgage. There was a stipulation contained in the mortgage which reads:

"But if said sums of money or any part thereof or any interest thereon be not paid when the same become due, then in that case the whole of said sums and interest shall by virtue of this mortgage immediately become due and payable; or, if the taxes and assessments of every nature which are or may be assessed or levied against said lands and appurtenances or any part thereof, are not paid at the time when the same are by law made due and payable, then in like manner the said notes and the whole of said sums shall immediately become due and payable; and upon the forfeiture of this mortgage, or in case of default of any of the payments herein provided for, the party of the second part shall be entitled to the possession of the said lands and appurtenances and all the improvements thereon, and the rents, issues and profits thereof, and the said party of the second part may then and in any such case immediately enter into and upon the lands hereby mortgaged and all the buildings and improvements thereon, and may remove and put off and from said lands, buildings and improvements all and every person or persons whomsoever, forcibly if necessary, and may have, take and retain possession of said lands, and the buildings and improvements thereon, and receive and take the rents, issues and profits thereof; and a failure on any part of the said party of the second part, his representatives or assigns, to take advantage of, or to enter into or upon said lands, buildings and improvements, for or upon the happening of any forfeiture or forfeitures, shall not operate as a waiver thereof, and shall not preclude or bar him from taking advantage thereof, on the happening of any other forfeiture or cause for so doing."

The mortgage became due, and a suit was brought thereon by Putnam, the mortgagee, to foreclose the same; but afterward he assigned all his right, title and interest therein to Bond and others, who continued the prosecution. The rent for the two months of December, 1875, and January, 1876, had not yet accrued, when this suit was brought, but there was no order made at any time in the foreclosure suit with regard to these rents, or to any other rents, or as to the possession of the property. The plaintiff demanded these rents

of the tenant immediately after they became due; but the tenant refused to pay them to him, and finally paid them to the defendant Bond, who was assignee of the mortgagee. Afterward, the plaintiff commenced this action for said rents against the tenant Delfs, and Bond and Arthur A. Mosher. All persons claiming an interest in the rents were made parties defendant. Afterward, judgment was rendered in the foreclosure case, against the mortgagor and in favor of the mortgagee, for the full amount due on the notes and mortgage, without giving any credit for said rents paid to the assignee of the mortgagee, and no such credit has ever yet been made. Afterward, judgment was rendered in the present case, in favor of the defendants and against the plaintiff. And this is the judgment which the plaintiff in error, who was also plaintiff below, seeks to have reversed.

We now come to the main question involved in this case, to wit, did the said stipulation in said mortgage, without any foreclosure and without a receiver being appointed, give to the mortgagee or to his assignee any right to take as his own the rents and profits of the mortgaged property? We must answer this question in the negative.

1. This mortgage was not a chattel mortgage in any respect; nor was it so treated or considered by any of the parties; but on the contrary, it was a pure and simple real-estate mortgage.

2. Nor was the mortgage intended to be a sale or conveyance of any of the property therein described. There was no intention that the mortgage should of itself, with or without a violation of any of its terms, transfer the title to any of the mortgaged property, either absolutely or conditionally, or otherwise; but, on the contrary, it was intended that the instrument should be a mere mortgage, a security, a pledge, giving to the holder thereof only a lien upon the mortgaged property, to be enforced just as other real-estate mortgage liens are enforced.

A literal reading of the foregoing stipulation might seem to make the mortgage mean more than this; but, within the light of our own statutes, and the decisions of this court, a

fair reading of the stipulation cannot make it mean more than we have stated. (Comp. Laws of 1879, p. 555, § 1; id., p. 654, § 399; *Chick v. Willetts*, 2 Kas. 385; *Waterson v. Devoe*, 18 Kas. 233.) In this state, a real-estate mortgage conveys no estate or title, in whatever form the mortgage may be drawn; it creates only a lien upon the mortgaged property. And such lien can be enforced only by a judgment or order of the district court. A holder of a real-estate mortgage cannot, even after condition broken, take possession of the mortgaged property, or of the rents or profits thereof, except by consent of all the parties, or by an action in the district court; and he cannot realize upon his mortgage, except by judgment of such court. And this is true, whatever the form of the mortgage may be. Even if it were in form a deed absolute, still in its nature and character it would be only a mortgage.

Where the mortgaged property is not a sufficient security for the mortgage debt, the district court may in some cases appoint a receiver to take charge of the mortgaged property, and to receive the rents and profits thereof, but in no case can the holder of the mortgage, without suit, and without the consent of the mortgagor or his assignee, take possession of either the real estate mortgaged, or the rents or profits thereof.

In the present case the rents for the months of December, 1875, and January, 1876, belonged to the plaintiff, and the tenant Delfs ought to have paid them to the plaintiff, and not to Bond, as he did. Indeed, if we could only reach the right and justice of this case, or rather of the two cases which we have been considering, the plaintiff ought to be able to recover the whole amount for which he sued.

The judgment of the district court in this case will therefore be reversed, and cause be remanded with the order that judgment be rendered in favor of the plaintiff, and against the defendants Delfs and Bond, for the said two months' rent, and for costs.

All the Justices concurring.