DAVID WOLF, *et al.*, V. TIMOTHY MCMAHON.

VALIDITY OF JUDGMENT, *When not to be Questioned.* In an action to recover
   upon a note and foreclose a mortgage given to secure the note, judgment
   was rendered in favor of plaintiff, and a decree entered foreclosing the
   mortgage and ordering the premises to be sold to pay the judgment. The
   defense had been that the note and mortgage were executed to secure the
   purchase-price of an undivided fifth-interest in the mortgaged premises,
   and that there had been a failure of the performance of the contract.
   In the decree it was provided that one D., the payee of the note, should
   convey to the defendant by deed of general warranty her interest ob-
   tained by descent in the premises, upon payment of the judgment. The
   defendant voluntarily paid the judgment before the issuance of any order
   of sale, and accepted the warranty deed from D. Afterward he com-
   menced proceedings in this court to reverse the judgment. *Held,* That
   the defendant having voluntarily paid the judgment and accepted the
   warranty deed, he sufficiently recognized the validity of the judgment,
   and accepted such benefits thereunder, as forbid him to say the judg-
   ment is invalid for errors appearing of record. *Held, further,* The pro-
   ceeding in error must be dismissed.

*Error from Wyandotte District Court.*

AT the December Term, 1879, of the district court, *McMahon*
as plaintiff recovered a certain judgment against *Wolf* and wife,
who bring the case here. The opinion states the facts.

*Nathan Cree,* for plaintiffs in error.

*Wm. S. Carroll,* and *D. B. Hadley,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error objects to the consideration of this case upon its merits, and asks that the petition in error be dismissed because the judgment has been satisfied and plaintiff in error has accepted a deed of a portion of the premises mentioned in the pleadings. It appears from the record that McMahon sued Wolf and wife on a note and mortgage assigned to him by the payee of the note, one Ellen Downs. Wolf answered that the note and mortgage were executed to secure the purchase-price of an undivided fifth-interest in forty acres of land which the payee of the note verbally agreed to cause one John Donohue, the son of said Ellen Downs, to convey to him, and alleged non-performance of the contract. McMahon replied that the note was for a part of the purchase-price of forty-four acres of land; that all the land had been conveyed except the fifth-interest in forty acres; that the payee of the note and mortgage had become the owner of this by descent, and had duly tendered to David Wolf a warranty deed of herself and husband of the land. The deed was filed with the answer, and tendered in court. Judgment was rendered in favor of McMahon for $327 and costs, and a decree entered foreclosing the mortgage and ordering a sale of the premises to pay the judgment. The decree contained a further provision, that Ellen Downs upon the payment of the judgment was to convey to David Wolf by deed of general warranty, all her interest in the land described in the petition. Without the issuance of any order of sale, the judgment was satisfied by plaintiff in error, and as we understand from the arguments before us, the deed of Ellen Downs was accepted by him. In this condition of affairs we think the plaintiff in error has recognized the validity of the judgment, and cannot now be heard to say it is invalid. This is not the case of voluntary payment of a money

judgment. A deed has been accepted, and the plaintiff in error has obtained some benefits under the decree. There is no offer by him to reconvey the premises to Ellen Downs, and if on reversal the plaintiff would be entitled to restitution of the judgment, he would have the title of Ellen Downs to the premises without any compensation therefor. This would give him an unfair advantage.

The proceeding in this court will be dismissed.

All the Justices concurring.