JOHN M. PRICE V. ALMERINE ALLEN.

1. EJECTMENT — *Occupying-Claimant Law* — *Election* — *Waiver of Prior Errors.* In an action of ejectment where the plaintiff recovers, and in the subsequent proceedings under the occupying-claimant law, where the plaintiff elects to receive the assessed value of the land without the improvements, he thereby waives all errors occurring prior to such election.

2. VALUE OF LAND, *Election to Take* — *Order of Court.* And in such a case where the court orders that the defendant shall within ten days deposit with the clerk of the court the amount of the assessed value of the land without the improvements, and that the plaintiff shall within five days thereafter deposit with the clerk of the court a general warranty deed conveying the land to the defendant, *held,* not error.

*Error from Atchison District Court.*

EJECTMENT, by *Price* against *Allen.* At the June term, 1886, judgment for plaintiff for the recovery of the lot in controversy, and for the defendant for certain relief under the occupying-claimant act. The plaintiff brings the case here. The material facts are stated in the opinion.

*Jackson & Royse,* and *L. F. Bird,* for plaintiff in error.

*J. T. Allensworth,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by John M. Price in the district court of Atchison county, against Almerine Allen, to recover certain real estate in the city of Atchison. On May 7, 1886, judgment was rendered in favor of the plaintiff and against the defendant for the recovery of the land, and at the request of the defendant a jury was allowed and drawn under the occupying-claimant law to assess the value of the lasting and valuable improvements made by the defendant on the land, and the value of the land itself without such improvements. On May 15, 1886, the jury returned their assessment, and the plaintiff filed a motion to set aside the same. On July 3,

1886, this motion was overruled by the court and the assessment of the jury sustained, and the plaintiff was ordered to make his election within twenty days thereafter, whether he would pay the defendant the assessed value of the improvements, or receive from the defendant the assessed value of the land without the improvements. On July 23, 1886, the plaintiff, under protest, elected to receive the assessed value of the land without the improvements. On October 9, 1886, the court ordered that the defendant deposit with the clerk of the court within ten days the amount of the assessed value of the land without the improvements, and that the plaintiff within five days thereafter deposit with the clerk of the court a general warranty deed conveying the land to the defendant. Whether these last-mentioned orders have been complied with or not, is not shown. On March 2, 1887, the plaintiff, as plaintiff in error, brought the case to this court for the purpose of having all the rulings of the district court concerning the proceedings had under the occupying-claimant law reversed.

The first question arising in this case is, whether the plaintiff has the right to have reviewed any of the rulings or proceedings of the court below which took place prior to the plaintiff's election to receive the assessed value of the land without the improvements. It is claimed by the defendant that the plaintiff has no such right; that he waived this right when he elected to receive the fruits of such proceedings; and the following cases are cited as authority therefor: *Babbitt v. Corby,* 13 Kas. 612; *Hoffmire v. Holcomb,* 17 id. 378; *Rasure v. McGrath,* 23 id. 597, 600; *Bradley v. Rogers,* 33 id. 120; *Buchanan v. Dorsey,* 11 Neb. 373. We are inclined to think that the claim of the defendant is correct; that a party should not be allowed to elect to receive the fruits of a judgment or order, and then to contest the validity or regularity of such judgment or order. After the court below sustained the assessment of the jury, we think it rightfully ordered the plaintiff to make his election. (Civil Code, §§ 609, 610, 611.) And

1. Occupying-claimant law; election; waiver of prior errors.

it does not appear that the twenty days' time given by the court to the plaintiff within which to make the election was any more or less than a reasonable time; but if it was less than a reasonable time, and if the plaintiff wished for further time, he should have asked for it, which he did not do. If the plaintiff desired to bring the case to this court, and could not conveniently do it within twenty days, he should have asked the court to extend the time for him to make his election, and the court would undoubtedly have granted the request; and if the plaintiff had at any time brought the case to this court before the election was made, this court would have suspended the order for him to make such election until after the case should be finally disposed of in this court. We do not think that it makes any difference that the election was under protest. The election should not have been made at all unless the plaintiff was willing to abide by his election. Such an election is provided for by the statute, and is intended principally for the benefit of the plaintiff himself, and not for the benefit of the defendant. It is for the purpose that the plaintiff may within a reasonable time procure the fruits of his judgment, either by obtaining the land itself when he pays the full value of the improvements thereon, or by obtaining the value of the land without the improvements by simply electing to do so. But even if the plaintiff should fail for a greater time than that fixed by the court, to make his election, the result would probable be only a postponement of his right to procure the land or the value thereof, and not any further loss or inconvenience. We think, however, that when he makes his election that that ought to be an end of the litigation.

The plaintiff further claims that the court below erred in ordering that he should deposit a warranty deed with the clerk 2. Order of court, of the court. Now the statute provides for just not erroneous. such a deed. (Civil Code, § 610.) And in the present case such a deed ·should undoubtedly be executed. The plaintiff claimed that he had a legal and equitable title to the land, and the paramount title; and there was no intimation or suggestion by either party, or anything appearing

in the case, which would indicate that any person other than the plaintiff and the defendant had any interest of any kind whatever in the land; and the case was tried upon the theory that the plaintiff and the defendant together held and owned every interest in the land; and the judgment of the court below, and the assessment of the value of the land and the improvements thereon, were upon that theory; and when the plaintiff receives the amount of the assessment of the land, as he has elected to do, he will receive the same upon that theory. The assessment was of the land itself, without the improvements, and not an assessment of a mere interest therein, or of any limited title. The plaintiff claims that if he executes a warranty deed he may at some time in the future be liable upon his covenants of warranty. This cannot be possible if the plaintiff holds the full title to the land, as he has claimed, for in that case there could not be any breach of any of his covenants. But suppose that there might be a breach of some one of the covenants, still would not equity and justice require that he should pay for such breach? He is paid for his land as though he possessed the full and complete title; but if he does not possess such a title, should he not in justice and equity be required to refund to the extent of the defect in his title? In no case can he be liable for more than he receives, with legal interest. (*Dale v. Shively*, 8 Kas. 276; *McKee v. Bain*, 11 id. 569–578; *Scantlin v. Allison*, 12 id. 85–92; *Scoffins v. Grandstaff*, 12 id. 471; *Stebbins v. Wolf*, 33 id. 765.) Therefore in no case can he be liable for anything that would be inequitable.

The judgment of the court below will be affirmed.

All the Justices concurring.