J. C. ZIEGLER *et al.* v. J. C. HYLE.

THE SUPREME COURT, *Not a Moot Court—Case Dismissed.* Where, after a case has been brought on petition in error to the supreme court, it has been settled and all the costs in the case provided for, so that no decision which the supreme court could render upon the merits would be of any benefit or could answer any beneficial purpose so far as any of the parties are concerned, the case will be dismissed from the supreme court, although in the settlement of the case it was agreed between the parties that the case should remain in the supreme court and be decided by the court upon its merits.

*Error from Geary District Court.*

THE opinion states the case.

*Thomas Dever*, for plaintiffs in error.

*J. R. McClure*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Counsel for the defendant in error in his brief in this court uses the following among other language:

"Although the record fails to show it, the fact is, this case

has been finally disposed of and settled, and ought to have been dismissed.  I can see no reason to burden the supreme court with useless and unnecessary litigation of this kind."

Counsel for the plaintiffs in error in his reply brief uses the following among other language:

"In answer to the suggestion contained in the brief of the defendant in error, 'that the case is settled,' and that the supreme court ought not to be burdened 'with useless and unnecessary litigation of this kind,' I will say that it is true that the case has been compromised, the costs in the district court have been paid, and the costs in this court have been provided for.   But as a part of that compromise it was agreed and understood that the questions of law involved in the case should be settled, and to that end the case should retain its place on the docket of this court, and when its turn should come it should be decided upon its merits. . . .  The compromise was effected long after the case was brought to this court; and, as a part of the terms of that compromise, it was agreed and understood that the case should go to final judgment in this court; not for the benefit of the parties to this particular case, but for the benefit of the bench and the bar of the state."

It seems to be admitted by counsel for both parties that no decision which this court could render in this case would be of any benefit or could answer any beneficial purpose so far as any of the parties to this action are concerned, but it is claimed that it will be of benefit to the bench and the bar of the state.   Now this court has no desire to be transformed into a moot court, and agreeing with counsel for the defendant in error, we shall order the case to be dismissed.

All the Justices concurring.