THE GUARANTY SAVINGS BANK v. THOMAS A. BUTLER *et al.*

No. 7839.

MORTGAGE — *Foreclosure* — *Waiver of Objections.* A party who accepts the principal benefits of a litigation cannot escape from its burdens or disadvantages by a review in a higher court. Accordingly, where the defendants in error were released by the judgment of the court below from personal liability for the mortgage debt, and the plaintiff in error caused the property mortgaged by them to be sold under the decree, and the proceeds to be applied toward the satisfaction of the judgment rendered against other parties to the transaction, *held*, that error will not lie to reverse the judgment releasing the defendants in error.

*Error from Rice District Court.*

ACTION by The Guaranty Savings Bank against Thomas A. Butler and others to recover on notes and to foreclose a mortgage.   There was a decree of foreclosure, and to that part thereof disaffirming the personal liability of the mortgagors for a deficiency plaintiff brings error.   The case is stated in the opinion, filed January 11, 1896.

*J. B. Larimer*, for plaintiff in error.

*Samuel Jones*, for defendants in error Clark Conkling and Laura B. Conkling.

The opinion of the court was delivered by

MARTIN, C. J. :   On December 1, 1884, the defendants in error and others executed and delivered their promissory note for the sum of $8,000, payable to the order of the plaintiff in error, five years after date, with interest at 8 per cent. per annum, payable semiannually, interest coupons of $320 each being attached.   This promissory note was secured by a mortgage on lots 2, 4 and 6 of block 6 in White's addition to the city of Lyons, the Occidental hotel being built thereon.   On January 25, 1885, the mortgagors conveyed the property to J. J. Maxey, who assumed the payment of the mortgage debt.   On December 15, 1886, said J. J. Maxey and his wife conveyed the property to Mary C. Ross and Sarah A. Hardy, who also assumed the payment of the mortgage indebtedness.   On October 20, 1890, the bank commenced its action against the makers of the note, the mortgagors, their grantee, and the grantees of Maxey, to recover judgment upon said note and the last two coupons, and also to foreclose the mortgage.

The defendants in error set up several defenses in their answer, alleging, among other things, that the bank assented to said assumption of the debt by Maxey, and looked to him for payment, and thereby the said Maxey became the principal debtor, and the makers of the note sureties, and that, upon the sale of the property by Maxey to Mary C. Ross and Sarah A. Hardy, they assumed payment of the mortgage indebtedness, and the bank accepted them as principals, and that this was without the knowledge or consent of the defendants in error, and that, by reason thereof, the latter became and were fully discharged from all personal liability on said note, and released from the payment thereof. The plaintiff did not demur, but replied by a general denial. At the trial, May 29, 1891, the burden of proof being upon the defendants, some evidence was introduced tending to support said allegations of the answer as to some of the defendants. No objection was made to the offer of testimony under the answer, and there was no demurrer to the evidence. The court rendered personal judgment against several of the defendants for $10,391, and ordered the sale of the mortgaged premises for the payment of the debt; but no personal judgment was rendered against the defendants in error, and they were allowed their costs against the plaintiff in error, and this judgment for costs in their favor was excepted to by the plaintiff in error. The motion of the plaintiff in error for a new trial was overruled, but no exception was taken. The petition in error was filed in this court September 23, 1891, the plaintiff in error claiming that it was entitled to a personal judgment against the defendants in error. It is admitted in open court that the mortgaged property was sold under the decree, and that on February 27, 1892,

the sum of $6,638.75 was applied as a credit on said judgment, as the proceeds of such sale, and the plaintiff in error asks this court to direct the district court to render a personal judgment against the defendants in error for the residue.

Although we recognize the equitable principle that a grantee, assuming the payment of a mortgage indebtedness, with the assent of the mortgagee, becomes a principal, and the mortgagor a surety only, (3 Pom. Eq. Jur. § 1206, and cases cited,) yet it may be doubtful whether the answer stated facts sufficient to absolve the defendants in error from their liability as sureties. We are relieved, however, from passing upon this question on account of the condition of the record, as hereinbefore sufficiently stated, together with the further circumstance that the bank has already received upon its judgment the amount of the net proceeds of the sale of the mortgaged property. When the sale was made the defendants in error had been relieved by the judgment of the district court from all personal liability, and, as the record stood, they had no interest in procuring bidders at a higher amount than that realized. Had the judgment remained in its entirety with this proceeding in error pending, the defendants in error might have protected themselves at the sheriff's sale, but the property was appropriated when they had apparently no interest in the price at which it might sell. In *Albright v. Oyster*, 60 Fed. Rep. 644, it was said that "no rule is better settled than that a litigant who accepts the benefits, or any substantial part of the benefits, of a judgment or decree is thereby estopped from reviewing and escaping from its burdens. He cannot avail himself of its advantages, and then question its disadvantages in a higher court." See, also, *Babbitt v. Corby*, 13 Kan. 612; *Hoffmire v.*

*Holcomb,* 17 id. 378 ; *Fenlon v. Goodwin,* 35 id. 123 ; *Price v. Allen,* 39 id. 476, 477 ; *Brown v. Van Cleave,* 86 Ky. 381, 6 S. W. Rep. 25 ; *Watkins v. Martin,* 24 Ark. 14 ; *Cassell v. Fagin,* 11 Mo. 207.

The judgment will be affirmed.

All the Justices concurring.