## THOMAS B. SAMUEL v. MARY J. SAMUEL.

### No. 10622.

APPELLATE PROCEDURE—*husband subsequently obtaining in foreign jurisdiction divorce decree barring wife of interest in his property, estopped from further prosecuting error here from decree, in action by him, refusing divorce and dividing property.* A husband brought an action in Kansas against his wife for the purpose of obtaining a divorce. In her answer and cross-petition the wife asked for a divorce and for alimony. The court refused to grant a divorce to either party, but made an equitable division of the property. To obtain a reversal of the judgment the husband instituted a proceeding in error in the Supreme Court. While the proceeding was pending, the husband established a residence in Oklahoma, and there brought an action in which he obtained a divorce from his wife, and the decree barred her from any interest in his property. *Held,* that he is now estopped to assert error or to further prosecute his proceeding in Kansas.

Error from Brown District Court. R. M. Emery, Judge. Opinion filed April 9, 1898. *Dismissed.*

*James Falloon,* for plaintiff in error.

*Ira J. Lacock* and *Means & Smith,* for defendant in error.

JOHNSTON, J. In August, 1895, Thomas B. Samuel brought an action against his wife, Mary J. Samuel, for the purpose of procuring a divorce on the ground of abandonment. In her answer and cross-petition, the defendant alleged that the plaintiff had abandoned her, and she asked for a divorce and for alimony.

In February, 1896, the cause was tried, and resulted in a denial of a divorce to either of the parties. At the same time the court awarded the defendant $2500, which was designated as alimony, but which appears to be in fact an equitable division of property, made pursuant to the provisions of section 643 of the Civil Code.

The plaintiff prosecutes this proceeding in error and alleges that the judgment should have been in his favor. Notwithstanding the commencement of this proceeding, it appears that he went to Oklahoma and, on August 9, 1897, there instituted an action for divorce against his wife. A trial of that action was had in October, 1897, when the plaintiff was granted a divorce, the decree barring the defendant from all right, title and interest in the estate and property of the plaintiff. The judgment of the Oklahoma court appears to be a valid and final adjudication, divorcing the parties and determining their marital property rights.

The defendant contends that the action of the plaintiff in prosecuting a proceeding for divorce in Oklahoma and obtaining a final decree there is inconsistent with the maintenance of this proceeding and bars his right to ask for a reversal and a renewal of the divorce litigation.

We think the contention must prevail. The object and effect of a reversal is to reopen the controversy as to the plaintiff's right to a divorce and the relative rights of the defendant; a controversy which has been finally settled in another forum at the instance of the plaintiff. He abandoned his residence in Kansas and his pending proceeding here, and thereby effectually withdrew and waived his claim of error. It was the same cause of action that was involved in the two forums, both were pending at the same time, and he was therefore called upon to elect in which he would

proceed to final judgment. His election to proceed and take final judgment in Oklahoma was in fact a renunciation of his right to proceed further here. Again, where a party takes such action after the rendition of a judgment as would make it wrongful or fraudulent for him to seek a reversal of it, it will operate as a release of any errors in the granting of the same. To allow the plaintiff to prosecute error after the action he has taken in Oklahoma would operate as a great wrong upon the defendant. The Oklahoma judgment severs the marital relation, and effectually bars the defendant from obtaining alimony or any share of the plaintiff's property. If the Kansas judgment is set aside, the controversy will be at an end, and the defendant practically cut out of any relief.

After a reversal, and the case is returned to the District Court, the defendant would be met with the claim that every issue in the case had been fully and finally determined. The plaintiff could then invoke the rule that the recovery of a judgment in one state is a bar to the further prosecution of the cause of action upon which the judgment was founded in a prior pending suit between the same parties in another State. *North Bank v. Brown*, 50 Me. 214. After a reversal, the plaintiff could enter a voluntary dismissal in the District Court, leaving the defendant without any of the property or any chance to obtain a portion of the same. Our view, however, is that the conduct of the plaintiff, subsequent to the commencement of this proceeding, estops him from asserting error. He is as effectually barred as if he had settled the controversy out of court, or had in some way induced the District Court to set the judgment in question aside, and had there obtained the relief granted to him in Oklahoma.

The proceeding in error will be dismissed.