The Fidelity and Deposit Company of Maryland v. R. B. Kepley.

No. 12,760. ( 71 Pac. 818.)

SYLLABUS BY THE COURT.

Practice, Supreme Court— *Estoppel.* Where the validity of a judgment is recognized by the party against whom it was rendered by making it the basis of an action in his behalf against other parties, its invalidity cannot be asserted in this court on proceedings in error by the judgment debtor.

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed March 7, 1903. Dismissed.

*Albert Watkins*, and *I. J. Ringolsky*, for plaintiff in error.

*Overmyer, Mulvane & Gault, Austin & Hungate*, and *Vance & Campbell*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : Max Ernst and Schwartz, Jerkowski & Co. brought actions in attachment against one A. L. House, and levied on merchandise which House had theretofore mortgaged to Schloss Bros. & Co. Before seizing the goods, Kepley, the sheriff who held the writs, demanded indemnifying bonds from the plaintiffs in the attachments. They were given by plaintiff in error, and are the bonds sued on in this action. Thereafter, Schloss Bros. & Co., mortgagees of the merchandise, brought an action for damages against Kepley and his bondsmen to recover the value of the goods seized under the attachments on which they had a mortgage lien, and recovered a judgment against them in the amount of $1289.64 debt and $46.24 costs. While the goods were under attachment they were sold by an order of the court, directing "the proceeds of said sale to be collected by the ex-sheriff, R. B. Kepley, to be held and paid over by him under the further order of the court." The goods levied on by Max Ernst were sold for $530, and those levied on by Schwartz, Jerkowski & Co. brought $331. This money was turned over by Kepley to the clerk of the district court. When the cases of Max Ernst and Schwartz, Jerkowski & Co. against A. L. House came on to be tried they resulted in a judgment in favor of the defendant, House. Then Isenhart & Alexander, attorneys for House, demanded of the clerk the proceeds of the sales of the goods which were deposited by Kepley, and they were paid over to them.

Fidelity Co. v. Kepley.

By this proceeding in error it is sought to reverse a judgment rendered against the Fidelity and Deposit Company in favor of Kepley, based on the indemnifying bonds given by the former when the sheriff attached the goods mortgaged to Schloss Bros. & Co., and for the value of which the latter recovered a judgment against the sheriff and his bondsmen.

On the trial plaintiff in error, which was defendant below, insisted that it should be credited on the amount of its liability on the indemnifying bonds with the amount of money which Kepley wrongfully paid over to the clerk, and which was afterward received by Isenhart & Alexander, attorneys for House, and this for the reason that Kepley, instead of holding the funds subject to the order of the court as directed, paid them to the clerk without such order, thus putting it in the power of Isenhart & Alexander to take the money rightfully belonging to Schloss Bros. & Co., the mortgagees, to whose right to the same the plaintiff in error was entitled to be subrogated. This claim was denied in the court below, and is one of the points of error assigned here.

Since the judgment was rendered against plaintiff in error in the district court, it has joined with Kepley in an action against Isenhart & Alexander to recover the amount of money received by them from the clerk, which action is now pending. The petition in the case, which has been brought to our attention on a motion to dismiss, filed by defendant in error, contains the following allegations:

"The said judgment so rendered in favor of said R. B. Kepley and against said The Fidelity and Deposit Company of Maryland still remains in full force and effect.

"That by reason of the premises and the election of said Schloss Bros. & Co. to abandon said goods and

to recover the value thereof, and the respective suits and judgments in favor of Schloss Bros. & Co. against said R. B. Kepley, and R. B. Kepley against said The Fidelity and Deposit Company of Maryland, these plaintiffs became the owners of the said goods and of the proceeds of the several sales thereof.''

It appears from the above that plaintiff in error is now seeking to treat the judgment which it asks us to review as final; so much so that, by reason of its conclusiveness and force, it bases thereon a claim to recover the money received from the clerk by Isenhart & Alexander. The allegation is that the plaintiff in error, by reason of Kepley's judgment against it on its indemnifying bonds (which it is now seeking to reverse), became the owner of the goods and of the proceeds of the sheriff's sales. The validity of the judgment is asserted and acknowledged in the action against Isenhart & Alexander. This court has many times decided that a party who complains of a judgment must be consistent in his conduct with reference to it. If he recognizes its validity he cannot be heard to say that it is invalid. (*Babbitt v. Corby, Adm'x.* 13 Kan. 612; *Hoffmire v. Holcomb,* 17 id. 378; *Bradley v. Rogers,* 33 id. 120, 5 Pac. 374; *Savings Bank v. Butler,* 56 id. 267, 43 Pac. 229; *Railroad Co. v. Murray,* 57 id. 697, 47 Pac. 835; *Merchants' Nat. Bank v. Quinton,* 57 Pac. [Kan.] 261.)

The proceedings in error will be dismissed.

All the Justices concurring.