W. H. SEAVERNS v. THE STATE OF KANSAS.

. No. 15,270.   (93 Pac. 163.)

SYLLABUS BY THE COURT.

ESTOPPEL—*School-land Purchaser—Inconsistent Proceedings — Dismissal of Appeal.* The occupant of a tract of state school-land instituted proceedings to purchase it as a settler. The probate court denied his petition, and he appealed. He then purchased the land of the state at a public sale. Subsequently the district court dismissed his appeal. *Held,* the conduct of the appellant in purchasing the land at public sale was inconsistent with a claim of error in the judgment of the probate court, and the appeal was rightfully dismissed.

Error from Wallace district court; JAMES H. REEDER, judge. Opinion filed December 7, 1907. Affirmed.

*Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, and *George E. Ward,* county attorney, for defendant in error; *Roark & Roark,* of counsel.

The opinion of the court was delivered by

BURCH, J.: About the year 1889 the plaintiff in error, W. H. Seaverns, entered upon a tract of state school-land, and in the years following occupied and improved it. In the year 1902 he leased the land from the state under a lease expiring in January, 1906. Before the expiration of his lease he assisted in circulating a petition to the county superintendent of public instruction to expose the land to sale, in consequence of which appraisers were appointed who, on January 22, 1906, returned the land as unimproved and of the value of $1.25 per acre. At that time he estimated the value of his improvements at $2000. Following the return of the appraisement Seaverns in-

stituted proceedings to acquire the land as a resident settler, alleging settlement thereon as of March 1, 1905. After a hearing in the probate court his petition was denied, and on February 23, 1906, he duly perfected an appeal to the district court.

Before the hearing in the probate court occurred the county treasurer made the first publication of a notice that he would, on February 26, 1906, sell this land and other tracts to the highest bidder. After taking his appeal Seaverns objected to a sale of the land, told the county treasurer not to sell it, and stated to the treasurer that he intended to carry his case through. The treasurer, however, held a public sale as advertised, at which Seaverns caused the land to be bid in by an agent at the price of $6.17½ per acre. The treasurer gave a receipt for the first instalment of the purchase-price, which reads as follows:

"No. 44. March 7, 1906. By whom paid.—W. H. Seaverns. Description of land, S. W. ¼ of 36-15-39. First annual instalment, $98.80. Paid under protest."

Subsequently, when the appeal was reached in the district court, it was dismissed, on the ground that after it had been perfected Seaverns had voluntarily purchased the subject-matter of the litigation from the state of Kansas at public auction and thereby had waived the right to urge that error had been committed in the proceedings of the probate court. Because of the order dismissing his appeal Seaverns prosecutes this proceeding in error.

Quite early in the history of this court the position was taken that a party who complains of a judgment must be consistent in his conduct with reference to it, and if he recognizes its validity or acts contrary to the assumption that it is erroneous he will not be heard to say on appeal that it is erroneous. (*Babbitt v. Corby, Adm'x*, 13 Kan. 612.) In applying this rule less liberality of conduct has been permitted to appellants than many other courts of last resort are

disposed to allow when dealing with the same subject, but manifestly the case must be determined according to those principles which have long been adopted and followed here. Appellant cites no decision of this court favoring his estimate of his rights, although the general question has been considered many times.

In the following cases, which present the question of estoppel in various ways, it was decided that the parties appealing from adverse judgments had assumed inconsistent attitudes respecting them: *Bradley v. Rogers,* 33 Kan. 120, 5 Pac. 374; *Price v. Allen,* 39 Kan. 476, 18 Pac. 609; *State Journal Co. v. Commonwealth Co.,* 43 Kan. 93, 22 Pac. 982; *Railroad Co. v. Murray,* 57 Kan. 697, 47 Pac. 835; *Samuel v. Samuel,* 59 Kan. 335, 52 Pac. 889; *Sheldon v. Motter,* 59 Kan. 776, 53 Pac. 127.

In the following cases the inconsistent conduct lay chiefly in the acceptance of some benefit from the judgment: *Babbitt v. Corby, Adm'x,* 13 Kan. 612; *Hoffmire v. Holcomb,* 17 Kan. 378; *Wolf v. McMahon,* 26 Kan. 141; *Savings Bank v. Butler,* 56 Kan. 267, 43 Pac. 229; *Perkins v. Bunn,* 56 Kan. 271, 43 Pac. 230.

In the following cases the inconsistency arose from a compliance with the judgment, either in whole or in part: *Fenlon v. Goodwin,* 35 Kan. 123, 10 Pac. 553; *The State v. Conkling,* 54 Kan. 108, 37 Pac. 992, 45 Am. St. Rep. 270; *York v. Barnes,* 58 Kan. 478, 49 Pac. 596; *Knight v. Hirbour,* 64 Kan. 563, 67 Pac. 1104; *Waters v. Garvin,* 67 Kan. 855, 73 Pac. 902.

In the cases of *Rasure v. McGrath,* 23 Kan. 597, and *Ziegler v. Hyle,* 45 Kan. 226, 25 Pac. 568, the controversies were settled, and the court refused to hear the appealing parties further.

Under the peculiar facts of *Newman v. Lake,* 70 Kan. 848, 79 Pac. 675, it was held that a partial compliance with an order of court did not defeat a proceeding in error challenging the validity of the order, and in the following cases it was decided that the conduct of the appealing party was not inconsistent with

a claim of error in the proceeding sought to be reviewed: *Headrick, Adm'r, v. Yount,* 22 Kan. 344; *Seckler v. Delfs,* 25 Kan. 159; *Mack v. Price,* 35 Kan. 134, 10 Pac. 521; *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189, 3 L. R. A., n. s., 259.

In the probate court the position of Seaverns was that, having complied with certain provisions of the law, he possessed an exclusive right to purchase the land as a settler, and that the state was under an obligation to him not to dispose of the land to any other person or in any other way. By undertaking to sell the land at public auction the state impliedly asserted that the judgment of the probate court denying Seaverns's right to purchase as a settler was valid, conclusive and just. By attending the public sale, engaging in competitive bidding with others, and buying the land, Seaverns necessarily abandoned his special claim as a settler and acknowledged the right of the state to sell to any one who would bid the highest price. The purpose of the appeal was to reopen the controversy adjudicated in the probate court. After the land had been purchased by Seaverns at public sale all controversy regarding his right to purchase as a settler was at an end, and he had no standing to assert the contrary.

The situation of Seaverns is very like that of the plaintiff in error in the case of *Sheldon v. Motter,* 59 Kan. 776, 53 Pac. 127. The opinion in that case is not printed in the Kansas Reports, but it appears in 53 Pac. 127, and reads as follows:

"This proceeding is brought in this court to review an order confirming a sale of real estate at which the defendant, Motter, was the purchaser. Since the petition in error was filed the plaintiff in error and her husband have accepted a lease from Motter for the land sold, and have attorned and paid rent to him for the same. This is a recognition of his title inconsistent with the prosecution of this proceeding. The petition in error will therefore be dismissed."

The confirmation of the sale cut off Sheldon's rights

and gave title to Motter. So here, the judgment of the probate court cut off Seaverns's rights as a settler and left the state at liberty to sell at public sale. The act of taking a lease from Motter necessarily involved a recognition of his title. The act of purchasing from the state at public sale necessarily involved a recognition of the state's right to dispose of the land in that manner. After leasing from Motter Sheldon could not on appeal reopen the question of title. After buying at public sale Seaverns could not on appeal reopen the question regarding his right to purchase as a settler.

In the case of *State Journal Co. v. Commonwealth Co.*, 43 Kan. 93, 22 Pac. 982, a part of the relief prayed for was the foreclosure of certain chattel mortgages given by the defendant, and upon the application of the plaintiff a receiver for the mortgaged property was appointed. A motion was made to set aside the appointment of the receiver, which was denied, but the court ordered that upon the filing of a bond to satisfy any judgment the plaintiff might recover the receiver should be discharged and the property restored to the defendant. The defendant voluntarily gave the bond and was given possession of the property. In a proceeding in error in this court it was held the defendant could not claim the order appointing the receiver was erroneous. The propriety of a sequestration of the property having been recognized by giving a bond which took the place of the property, consistency forbade that the original order should afterward be assailed.

In the case of *Samuel v. Samuel*, 59 Kan. 335, 52 Pac. 889, a husband brought a suit against his wife for a divorce. The wife also asked for a divorce and a division of the property. No divorce was granted, but the property was divided and the plaintiff appealed. Afterward he commenced another suit for a divorce against his wife in Oklahoma, which went to judgment in his favor, and his wife was barred of all

Seaverns v. The State.

interest in his property.    The proceeding to reverse
the first judgment was dismissed by this court be-
cause the plaintiff had renounced his right to relief·
and had undertaken to remedy the state of his affairs
in another way.

Other decisions of this court cited above are equally
conclusive against the plaintiff in error in the pending
proceeding.   It is true that in buying the land at public
sale Seaverns obeyed no express command of the pro-
bate court, and he took no benefits under the judg-
ment of that court, for it gave him none; but neither
of these facts is essential to an estoppel.   It is suffi-
cient that he yielded to the state's contention and to
the judgment adverse to him and undertook to obtain
the land in a manner incompatible with the mainte-
nance of his former attitude.   He had the option to
abide by his appeal or to renounce the right which it
conserved and adopt a different course to further his
interests.   Having elected, he must endure the con-
sequences.

It is urged that the conduct of the treasurer in
bringing on a public sale of the land coerced Seaverns
to purchase in order to protect himself from loss.   The
sale, however, was not a forced judicial sale, which
would pass title to a purchaser whatever became of
the appeal.   If the appeal were ·well founded the ap-
pellant could not lose the land.

The objection and protest of Seaverns against that
to which he nevertheless voluntarily determined to sub-
mit was of course nugatory.   (*Price v. Allen,* 39 Kan.
476, 18 Pac. 809; *The State v. Conkling,* 54 Kan. 108,
37 Pac. 992, 45 Am. St. Rep. 270.)

The judgment of the district court is affirmed.