Bennett v. Bennett.

No. 24,115.

NANCY BENNETT, *Appellee,* v. ADA MAY BENNETT, *Appellant.*

SYLLABUS BY THE COURT.

PARTITION—*Allotment Accepted—Estopped to Appeal.* A party who voluntarily recognizes the validity of a judgment in partition by accepting the share allotted to him cannot thereafter maintain an appeal to reverse the judgment.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed January 6, 1923. Dismissed.

*S. J. Shively,* of Paola, for the appellant.

*Alpheus Lane, Frank M. Sheridan,* and *Bernard L. Sheridan,* all of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action for the partition of a tract of land in Miami county. The partition was made as prayed for by the plaintiff, and defendant appeals.

It appears that a controversy arose between the parties as to the share of land to which each was entitled and oral evidence on the question was received. The record discloses that no motion for a new trial was made by the defendant, and for that reason the plaintiff asks a dismissal of the appeal. Another ground for which a dismissal is asked is that the defendant has accepted the benefits of the judgment which she attacks, and therefore is not in a position to question its regularity or validity. As to the latter point the record shows that after the judgment of partition was rendered the property was appraised by commissioners, and it was ordered by the court that the parties to the action should have a certain time in which to elect to take the property at its appraised value, and that if neither elected to take it at that value the property should be sold. The report of the commissioners was approved. The appellant elected to take the property at the appraised value, and the election was confirmed and the deed ordered to be made to her. Under the judgment the defendant was entitled to one-fourth of the value of the property and one-fourth of a note which had been received for real estate previously sold. The plaintiff paid into the court one-fourth of the distributive share to which the defendant was entitled, and three-fourths of the costs adjudged to be paid by the plaintiff.

The defendant accepted and receipted for $993.03 as her distributive share of the partitioned property.

The defendant may not accept the benefits of the judgment and attack its validity upon an appeal. As the court in its decree adjudicated the controversy as to the shares to which each party was entitled and made an order for the partition and distribution of the property, and the defendant thereafter voluntarily accepted the share adjudged to be hers, she is estopped from seeking to have the judgment reviewed. It has been decided that,

"A party who complains of a judgment must be consistent in his conduct with reference to it. If he recognizes its validity he will not be heard to say that it is invalid." (*Babbitt v. Corby, Adm'x,* 13 Kan. 612, 614; see, also, *Hoffmire v. Holcomb,* 17 Kan. 378; *Wolf v. McMahon,* 26 Kan. 141; *Savings Bank v. Butler,* 56 Kan. 267, 43 Pac. 229; *Fidelity & Deposit Co. v. Kepley,* 66 Kan. 343, 71 Pac. 818; *Seaverns v. The State,* 76 Kan. 920, 93 Pac. 163.)

The appeal is dismissed.