J. F. BABBITT V. AMANDA CORBY, *as Adm'x, &c.*

1. WAIVER *of Right, after Appeal.* A party who voluntarily takes all the benefits of a judgment will not be permitted to say there was error in such judgment.

2. ——— *Assent to Judgment.* Where a party claimed title by virtue of tax deeds, but such title was adjudged void, and judgment given him for the money paid therefor, *held,* that a voluntary acceptance of the money thus adjudged to him was a waiver of any error in the judgment as to title.

*Error from Brown District Court.*

MRS. CORBY, as administratrix of the estate of John Corby, deceased, in June 1872 recovered a judgment in the district court against Royal Baldwin, which became lien on his lands. W. W. Guthrie, *J. F. Babbitt,* C. H. Jones and F. F. Miles, respectively had or claimed liens on a certain quarter-section of land belonging to Baldwin, by reason of which no sale of said lands could be made under said judgment in favor of Mrs. Corby against Baldwin. To determine their liens, and subject said land to sale under her judgment, Mrs. Corby brought suit against Guthrie, *Babbitt,* Jones and Miles, and said Baldwin and his wife. *Babbitt* answered, claiming title to said quarter-section of land under and in virtue of two tax deeds duly issued to him, one dated June 15th and duly recorded June 25th, 1864—said deed being issued upon a tax sale made in September 1860 for unpaid taxes levied on said land for the year 1859; and the other of said deeds being issued May 7th 1872, and duly recorded August 12th 1872, being issued upon a tax sale made in May 1869, for unpaid taxes levied on said land for the year 1868. He also alleged that he had paid taxes on said lands, since 1862, in addition to those for which the deeds were issued, to the sum of $133.15, exclusive of interest. On the trial the district court, at the April Term, 1873, found that—

"The said tax deeds set up by said defendant J. F. Babbitt in his said answer are each invalid as any conveyance or to vest any title, but the said second described tax deed is valid

as a lien in favor of said Babbitt for the amount of taxes by him paid on said land, with interest thereon as provided by law, as is set up in his answer, which the court finds is the sum of $147.57."

Upon the trial of the whole case the court decreed that said land be sold, and decreed that said sum of $147.57 should be paid to *Babbitt* out of the proceeds of such sale. From such decree *Babbitt* appealed to this court.

After the petition in error and transcript were filed in this court, the lands were sold under said decree, and the amount of Babbitt's lien was paid to and accepted by him. Whereupon *Mrs. Corby*, defendant in error, filed a motion to dismiss, and brought the fact of such payment to the record by affidavit.

*Guthrie & Metcalf*, for defendant in error, for the motion to dismiss. (No brief on file.)

*W. D. Webb*, and *Ira J. Lacock*, for plaintiff in error:

Since this case came into this court, it is alleged that Babbitt has taken the money that was deposited for the taxes that he had paid; and it is contended that he can no longer contest his right to the land. We admit that when one person tenders to another the amount that he admits is due to that other, on a claim made by him, and the tender is made as a full satisfaction of the claim, then, if it is accepted, that would be deemed the condition of the acceptance, and no action could be sustained to recover the amount. But here is an attempt made to set aside two deeds. It is not an offer to buy our land, to pay us an amount that we claim against Corby, nor does a receipt of the amount by us give Corby a right to our land, or set aside our deeds. Our title cannot be divested in that way.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error was with others a defendant in an action brought in the district court by defendant in error. In that action he claimed title to the premises in-

volved in the suit, by virtue of two tax deeds. The court found against the validity of the deeds, but found that by reason thereof he was entitled to a repayment of the money paid by him therefor, and interest, and ordered such sum paid out of the proceeds of the sale of the property. To this plaintiff in error excepted, and commenced this proceeding in error to reverse such judgment. After commencing this proceeding he voluntarily accepted the amount found due and ordered paid to him. In other words, he has voluntarily accepted the benefits of a judgment which he was seeking to reverse. Defendant in error has filed a motion to dismiss this proceeding, on account of such acceptance, and we think her motion should be sustained. By voluntarily accepting the proceeds of the judgment, the plaintiff in error waived any errors, if errors there were, in it. A party who complains of a judgment must be consistent in his conduct with reference to it. If he recognizes its validity, he will not be heard to say that it is invalid. And surely there can be no clearer recognition of a judgment than is shown here. He claimed title. The court found against his title, but decreed him money. He says there was error in decreeing him money instead of title, and then voluntarily receives the money. The two are inconsistent, and having received the money he will not now be permitted to say there was error in giving it to him.

The motion to dismiss will be sustained.

All the Justices concurring.