IDA RASURE, C. S. BOWMAN AND KIMMERLE & ADAMS v. J. F. McGRATH.

ON March 8, 1878, *McGrath* obtained judgment against *Ida Rasure,* in a justice's court in Harvey county, upon a note containing the words, "without any relief or benefit whatever from stay, valuation, appraisement or homestead-exemption laws;" and on the same day, he caused an abstract of the judgment to be filed in the office of the clerk of the district court of said county. On March 21, 1878, he caused an execution to be issued on the judgment, which was levied on real estate, afterward appraised at $1,150, but no sale was made

thereon. On May 28, 1878, he caused another execution to issue, which was levied upon the same property, and an appraisement was made fixing the valuation at $400, and such real estate was sold by the sheriff, July 1, 1878, for $270.

Afterward, the plaintiffs in error moved the district court to set aside said sale, for the reasons, to wit: First, that the execution was issued, and the sale made, before the expiration of six months after the rendition of such judgment; second, that the appraisement was grossly below the actual value of the realty; third, that it was sold for a sum grossly less than two-thirds of the actual value of such property; fourth, that the appraisers only valued a supposed interest of Rasure in said property, and did not value the land and the tenements, and that Bowman, Kimmerle & Adams had attachment liens on said realty.

The motion was supported by evidence proving the interest of Bowman, Kimmerle & Adams, and that the note upon which judgment was obtained contained the words, "without any relief or benefit whatever from stay, valuation, appraisement or homestead-exemption laws," and that said real estate was not appraised at its actual value, but at what they understood to be her interest in such property over and above two mortgages and other incumbrances, which they had been informed were on said realty, and that said property was fully worth $1,200.

The court overruled said motion, and confirmed the sale, to which the plaintiffs in error excepted, and have brought the case here.

January 16, 1880, the defendant in error filed herein a motion to dismiss this action so far as *Bowman* and *Kimmerle & Adams* are concerned, because the suits and attachments by which they claim an interest in the property, the sale of which they seek to set aside, have passed into judgments, and the same have been fully satisfied, as appears by the certificate of the clerk of the district court of Harvey county attached to said motion; and to dismiss this action so far as *Rasure* is concerned, because the said judgment against her has long

since been fully settled, as appears by the affidavits of defendant in error and his attorney on file with said motion. The affidavit of *J. F. McGrath* is as follows:

"I am the defendant in error above named. At the instance of Bowman & Holmes, attorneys and. agents of Mrs. Ida Rasure, I deeded the property which was sold to me to satisfy my judgment, to a purchaser procured by said Bowman & Holmes, and they paid me sufficient to satisfy my judgment and costs, and they retained the balance for the use of Rasure. My judgment was satisfied, and I released my claim on the property by a quitclaim deed at their request. This was a perfectly amicable arrangement, and completely settled all the substantial rights of the parties. It was understood to be final. This occurred on or about the 25th day of November, 1878.".

The affidavit of J. W. Ady is as follows:

"I was attorney for the defendant in error in all the above-mentioned transactions. I have read the affidavit of J. F. McGrath, and know the statements therein contained to be true. The judgments obtained by J. F. McGrath, and C. S. Bowman, and Kimmerle & Adams, against Ida Rasure, out of which this contention grew, have all been fully settled and marked satisfied upon the records of the court."

January 19, 1880, an affidavit of C. S. Bowman in opposition to the above motion was filed herein, the same being as follows:

"That he is a member of the firm of Bowman & Holmes, and transacted all the business with the said McGrath mentioned in his affidavit filed in support of the motion to dismiss this action, and that said McGrath is mistaken in regard to Bowman & Holmes procuring a purchaser for the property sold to satisfy the McGrath judgment; and affiant avers the facts to be, that said McGrath called upon affiant, and said in substance that he had a man who would take said property and pay a certain stipulated [sum] — the exact amount I don't now remember — provided he could clear the title of the claims we represented, to wit, Kimmerle & Adams v. Rasure, and C. S. Bowman v. Rasure, and that if we would take the surplus after his judgment, costs and interest, and $25, his attorney-fees, were paid in full, and release the aforesaid claims, he would make the sale. Affiant further says that he made a calculation and estimate as to what such

surplus would amount to, and after deducting the amount due on a mortgage on said premises, and the whole amount of said McGrath demand, it left an amount some $25 less than the claims of said Kimmerle & Adams and C. S. Bowman, but nevertheless I agreed to accept his proposition, and the sale was made, and we released the claims we represented as aforesaid, as all properly appears from the certificate of the clerk of the district court of Harvey county. Affiant further says that Mrs. Rasure did not get any surplus whatever out of said purchase-money, and that the interests of Kimmerle & Adams and C. S. Bowman, for whom Bowman & Holmes acted in the premises, were adverse to the interest of the said Mrs. Rasure."

*Bowman & Holmes*, for plaintiffs in error.

*Ady & Grattan*, for defendant in error.

*Per Curiam:* Defendant in error has filed a motion to dismiss this proceeding, on account of a settlement of all the substantial rights of the parties in litigation. The motion is assented to by counsel so far as C. S. Bowman and Kimmerle & Adams are concerned, but contested by Mrs. Ida Rasure, through her attorneys, Messrs. Bowman & Holmes. It is proved by an affidavit of her attorney (C. S. B.) that she has not received any portion of the proceeds of the compromise; that she was not present, nor within one hundred miles of the place, when the settlement was made. On the part of the defendant in error, it is proved that the settlement was made for Mrs. R. by Messrs. B. & H., who were her attorneys and agents. The settlement was made and the judgment satisfied of record on November 25, 1878, about eighteen months ago. While it is true that an attorney, by virtue merely of his retainer as such, and without the consent of his client, has not the power to bind the client by a compromise of his client's claim, or of a pending action, yet if the client continues the authority of his attorney after such settlement and compromise, it is very doubtful whether the settlement is not binding upon the client. In this case, the very attorneys who made the settlement are yet the attorneys of Mrs. Rasure, and

appear for her in this court to contest the compromise, but do not deny the agency alleged, or assert it was without her consent, or even say that she repudiates their acts.    She cannot be greatly displeased with their conduct, as she continues them as her counsel in the case; and under the showing made, we think the motion to dismiss ought to be sustained, and it is accordingly sustained. (*Babbitt v. Corby*, 13 Kas. 612.)