The Consumers' Gas Trust Company v. Harless *et al.*

No. 16,334.

THE CONSUMERS' GAS TRUST COMPANY v. HARLESS ET AL.

EMINENT DOMAIN.—*Scope of Power.*—*Definition.*—The power to exercise the right of eminent domain embraces all cases where, by the authority of the State and for the public good, the property of the individual is taken, without his consent, for the purpose of being devoted to some particular case, either by the State, in its sovereign capacity, or by a corporation, public or private, or by a private citizen to whom such right has been granted by the State.

SAME.—*Limitations Upon Power of.*—*Tender.*—The right of eminent domain is limited only by the Constitution; and the only limitation in this State is that no man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered.

SAME.—*When May be Exercised.*—*Supervisory Power of Courts.*—The right of eminent domain is to be exercised only where public necessity or convenience requires it; but where such necessity or convenience is declared by the representative of the sovereign—the Legislature—courts can not question the wisdom of such declaration.

SAME.—*Time, Manner and Occasion of Exercise of.*—The time, manner and occasion of the exercise of the right of eminent domain are wholly in the control and discretion of the Legislature except as it is restrained by the Constitution of the State.

SAME.—*To Whom Right is Granted.*—The exercise of the power of eminent domain being an attribute of sovereignty, the sovereign may grant it to whomsoever it may think proper, and deny it to all others.

SAME.—*Payment of Damages on Appeal.*—*Entry on Land Condemned Pending Appeal.*—*Validity of Statute.*—A statute allowing an entry upon the land pending appeal from the assessment of damages, on payment to the clerk of the court of the amount of the damage assessed for the benefit of the land-owner, is valid, such payment being equivalent to a tender; but a statute directing the clerk to hold such money until the case on appeal is determined is unconstitutional.

SAME —*Payment of Damages Under Protest.*—A payment under protest does not render the payment or a tender invalid, the protest being a nullity.

NATURAL GAS.—*Entry on Land Pending Appeal.*—*Act Valid.*—That part of the act of the Legislature (Acts 1889, p. 22) authorizing natural gas companies in appropriating land for a right of way, to cause the assessment of damages to be made, to appeal therefrom, and, on paying to the clerk of the court the amount of damages assessed, to enter on the land appropriated pending the appeal, is valid.

SAME.—*Validity of Act, Restrictions on Citizens of this State.*—The act of 1889,

authorizing citizens or corporations of this State to exercise the right of eminent domain, is not invalid on the ground that it does not authorize citizens or corporations of other States to exercise such right.

SAME.—*Local Law, is Not.*—The natural gas law of 1889 is not subject to the objection that it is local or special.

CONSTITUTIONAL LAW.—*General Law, What is.*—*Uniformity of Operation.*—A law which applies generally to a particular class of cases is not a local or special law. The Constitution does not require that the operation of a law shall be uniform, other than that the operation shall be the same in all parts of the State under the same circumstances.

From the Madison Circuit Court

*W. P. Fishback, W. P. Kappes, R. N. Lamb, R. Hill, R. Graham, H. D. Thompson,* for appellant.

*M. E. Forkner* and *H. C. Ryan,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant, in the Madison Circuit Court, to enjoin it from entering upon, digging trenches and laying gas pipes in certain real estate belonging to the appellees, described in the complaint. The complaint alleges that the appellant is a corporation organized under the laws of the State of Indiana, and is engaged in leasing lands, drilling gas wells and piping natural gas to the city of Indianapolis, and supplying the same to private consumers; that it is threatening to, and is about to, and has entered upon the land of the appellees particularly described, has torn down their fences and is now digging great trenches in the same, and is laying down a six-inch gas pipe line upon and across said land, and is about to, and is threatening to connect said pipe line with some of its gas wells, and connecting the same with another line of pipes running to the city of Indianapolis; that it entered upon said land and did, and is about to, do the things above set forth without any leave or license from the appellees, and against their protest and over their objections, never having paid or tendered to them the damages that would accrue to them by reason of said acts; that the acts

of the appellant, if not restrained and enjoined, will work great and irreparable damage and injury to the appellees.

To this complaint the appellant filed an answer consisting of one paragraph. The answer admits the ownership of the land in the appellees, the incorporation of the appellant under the laws of the State, and that it is engaged in leasing land, digging gas wells and piping natural gas to the city of Indianapolis to supply private consumers. It avers that it is supplying, for heating and illuminating purposes, forty thousand people in that city with natural gas, who are dependent upon it for such supply, and that it has contracts with such consumers obligating itself to furnish them with natural gas for fuel; that it has main lines leading from the city of Indianapolis northwardly through the counties of Marion and Hamilton into Madison county to near the south line of appellees' land; that it has leased lands lying north of appellees' land and has drilled ten gas wells and laid its gas pipe lines connecting with said gas wells north of appellees' land down to and running along the highway through a part of appellees' land with their full knowledge and acquiescence, leaving a space of only sixty rods through appellees' land necessary to connect appellant's pipe line from the city of Indianapolis with its line connecting with said wells; that being unable to agree with the appellees for a right of way through their land it filed in the circuit court of Madison county its notice and act of appropriation and condemnation of a right of way to lay its pipe line through said land, and thereupon said court appointed three disinterested freeholders of Madison county as appraisers to view the premises and assess the damages that would accrue to the appellees by reason of said act of appropriation and condemnation of a right to lay its pipe through said land; that the appraisers were duly sworn and assessed the damages that would accrue to the appellees by reason of the appropriation at the sum of six hundred dollars, and filed their report thereof in said court; that thereupon the appellant

paid said sum and the costs of said award and filed its ex-
ceptions to the report of the appraisers, on the ground that
the damages so assessed were unreasonable and excessive,
and within ten days after the filing of said report the appel-
lant appealed from said assessment to the Madison Circuit
Court, where the same is still pending, and said sum of six
hundred dollars is still in the hands of the clerk of said court
to abide the result of such appeal; that it paid said sum un-
der protest, and notified the clerk to hold the same pending
such appeal; that after perfecting said appeal, as it had the
right to do, it entered on said right of way so appropriated,
and no other, to lay its said pipe line, and was proceeding to
lay the same on, in and along its said right of way so ac-
quired when this action was commenced, and that all the
acts done, or threatened to be done, by the appellant were
done and proposed to be done under and in accordance with
said act of appropriation and condemnation proceedings, and
not otherwise; that the appellees appeared in said condem-
nation proceedings and resisted the same; that the appellant
acquired its leases and drilled its wells lying north of said
land at an expense of fifty thousand dollars, and that it is
necessary to connect said wells with its line south of said
land in order to utilize the gas therefrom and furnish a suf-
ficient supply for its consumers, and that it will suffer great
and irreparable loss if enjoined from using its right of way
through the lands of the appellees.

The circuit court sustained a demurrer to this answer, and,
the appellant refusing to answer further, the appellees had a
perpetual injunction. This ruling of the court is assigned
as error.

The appellees contend that the above ruling of the Madi-
son Circuit Court is justified on five several grounds, namely:

*First.* Because the act of February 20th, 1889 (Acts of
1889, p. 22), under which the condemnation proceedings, set

up in the answer were had, is void because it is in conflict with section 23, article 1, of our State Constitution.

*Second.* Because the payment of the amount assessed as damages into the clerk's office without first tendering the same to the appellees, gave no right of entry.

*Third.* Because to give a right of entry under the statutes of the State, the tender of payment to the clerk of the court must be unconditional, and a tender upon condition that it shall not be received by the land-owner, or with instruction not to pay it over to such owner, gives no right of entry.

*Fourth.* Because, if the law is to be so construed as to confer the right of entry upon payment of the assessed damages to the clerk of the court, without tender to the land-owner, it is in conflict with section 21, article 1, of the State Constitution.

*Fifth.* Because the statute in question is in conflict with section 8, article 1, of the Constitution of the United States.

Section 23, article 1, of the State Constitution, provides that "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

It is claimed that the act of February 20th, 1889, *supra*, is in conflict with this constitutional provision because it grants to companies, corporations or voluntary associations under the laws of this State, for the purpose of drilling and mining for petroleum or natural gas and furnishing the same to patrons within this State, the right to condemn and appropriate land for the purpose of laying their pipes, and does not grant to such companies, corporations or associations engaged in furnishing petroleum and natural gas to customers without the State the same right.

The right to take private property for public use, without the consent of the owner, is called the right of eminent domain, and belongs alone to the sovereign. It embraces all

cases where, by the authority of the State and for the public good, the property of the individual is taken, without his consent, for the purpose of being devoted to some particular use, either by the State, in its sovereign capacity, or by a corporation, public or private, or by a private citizen to whom such right has been granted by the State. Lewis Eminent Domain, section 1.

The right of eminent domain is limited only by the Constitution, and the only limitation in this State is, that no man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered. Section 21, article 1, Constitution of the State.

It is to be exercised only when the public necessity or convenience requires it, but when such necessity or convenience is declared by the representative of the sovereign, the Legislature, courts can not question the wisdom of such declaration. *Water-Works Co., etc.,* v. *Burkhart,* 41 Ind. 364.

The time, manner and occasion of the exercise of the right of eminent domain are wholly in the control and discretion of the Legislatures of the several States of the Union except as it is restrained by the Constitutions of such States. *Secomb* v. *Milwaukee, etc., R. W. Co.,* 49 How. Pr. 75; *Swan* v. *Williams,* 2 Mich. 427; *Weir* v. *St. Paul, etc., R. R. Co.,* 18 Minn. 155; *Roanoke City* v. *Berkowitz,* 80 Va. 616; Lewis Eminent Domain, section 238.

So, too, the exercise of the power of eminent domain being an attribute of sovereignty, the sovereign may grant it to whomsoever it may think proper, and deny it to all others.

In his valuable work on Eminent Domain, Mr. Lewis, in speaking of this subject, says: "Such has been the common practice since the revolution, and the right to do so has never been a matter of serious question; and it may be regarded as settled law that it is solely for the Legislature to judge what persons, corporations or other agencies may properly be

clothed with this power." Lewis Eminent Domain, section 242.

In this State the Legislature, in the exercise of its discretion, has judged it proper to clothe companies, corporations and associations engaged in the business of furnishing petroleum and natural gas to the citizens of this State, for consumption, with the power of eminent domain, while it has not, as yet, thought proper to clothe companies, corporations and associations not so engaged with that power. It is not our province to inquire into the motives which prompted the Legislature to grant this power to persons engaged in furnishing petroleum and natural gas to the people of this State, and to make no such provision for those furnishing them to the people of other States. It is sufficient for us to know that under the authorities above cited they possessed the power to do so, and that in the exercise of the discretion it possesses it has done so.

Nor do we think the law is subject to the objection that it is local or special. A law which applies generally to a particular class of cases is not a local or special law. *Hymes* v. *Aydelott*, 26 Ind. 431 ; *Palmer* v. *Stumph*, 29 Ind. 329.

The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the State under the same circumstances. *Groesch* v. *State*, 42 Ind. 547.

In our opinion the act approved February 20th, 1889, now under consideration, is not subjection to the constitutional objection urged against it in this case.

As to the second position assumed by the appellees, it is sufficient to say that the almost unbroken line of decision is that there is no valid objection to a statute like ours, which permits the condemning party to pay the assessed damages into court, for the use of the land-owner, and that such payment is equivalent to a tender, and confers a license to take possession even when an appeal is prosecuted. Lewis Eminent Domain, section 579; *Baltimore, etc., R. R. Co.* v.

*Johnson,* 84 Ind. 420; *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514; Elliott Roads and Streets, 185; *Reisner* v. *Atchison, etc., R. R. Co.,* 27 Kan. 382; *Indiana, etc., Co.* v. *Louisville, etc., R. W. Co.,* 107 Ind. 301; *Norristown, etc., T. P. Co.* v. *Burket,* 26 Ind. 53; *Pittsburgh, etc., R. W. Co.* v. *Sweeney,* 97 Ind. 586; *Terre Haute, etc., R. R. Co.* v. *Crawford,* 100 Ind. 550.

The third position assumed by the appellees presents a question much more difficult than the second. Ordinarily a tender to be good must be unconditional. While there may be some conflict in the authorities, arising out of the different provisions of the several State constitutions, the better reason is, that under a Constitution like ours the Legislature can not authorize an entry upon the land of another, by the party condemning, where the owner is satisfied with the damages assessed, until the damages are paid or such disposition made of the money as amounts to payment. Accordingly, it has been held that a law which authorizes the party condemning to take possession pending an appeal by him, by depositing the damages assessed to be withheld from the owner of the land until such appeal was determined, was unconstitutional in so far as it authorized the withholding of the money. *Meily* v. *Zurmehly,* 23 Ohio St. 627; *State, ex rel.,* v. *Lubke,* 15 Mo. App. 152; *St. Louis, etc., R. W. Co.* v. *Evans & Howard, etc., Co.,* 85 Mo. 307; *Matter of New York, etc., R. R. Co.,* 98 N. Y. 12.

The money in this case, when paid into court, if the appellees were satisfied with the assessment, represented the land appropriated, and at once became the property of the appellees. Such being the case, the direction of the appellant not to pay it to the appellees, was a direction the clerk of the court could not heed, and amounted to nothing. *Meily* v. *Zurmehly, supra; Meyer* v. *State,* 125 Ind. 335; *Ross* v. *Adams,* 28 N. J. L. 160.

The question as to whether the appellant could make a tender to the appellees which they were willing to accept,

The Consumers' Gas Trust Company *v.* Harless *et al.*

and afterwards litigate with them, on appeal, or otherwise, their right to the amount tendered, is, perhaps, not before us in such shape as to call for a decision, and for that reason we express no opinion upon it.

What .we have already said disposes of the fourth position assumed by the appellees.

Under the fifth position assued by the appellees it is contended that the law in question interferes with interstate commerce, in that it prohibits the piping of petroleum and natural gas out of the State.

It may be that those who desire to pipe petroleum and gas out of the State are hindered in their operations by the absence of a statute conferring on them the power of eminent domain, but we are unable to perceive any interest they have in the question as to whether those piping petroleum and gas for domestic use do or do not possess such power. The former are in no worse condition than they were before the passage of the law under consideration. In other words, it affects them in no manner whatever. How then can it be said to interfere with interstate commerce?

In our opinion the appellant acquired the right to enter upon the land of the appellees by its proceedings in condemnation and the payment of the assessed damages into court, and that the court erred in sustaining a demurrer to its answer setting up such proceedings, and for this reason the judgment rendered herein should be reversed.

Judgment reversed, with directions to the circuit court to overrule the demurrer of the appellees to the appellant's answer.

Filed Jan. 8, 1892; petition for a rehearing overruled April 29, 1892.