THE MISSOURI PACIFIC RAILWAY COMPANY **v.** JO-
SEPH GRUENDEL.

No. 132.

1. CONDEMNATION PROCEEDINGS — *Several Landowners —Appeal.*
   Before either party to condemnation proceedings instituted by a
   railway corporation in the exercise of the power of eminent do-
   main can appeal from the award of the commissioners to the dis-
   trict court, a bond for appeal must be executed to the adverse
   party; and the further proceedings in the district court are be-
   tween the individual landowner, on one side, and the condemning
   party, on the other. Where several owners of separate tracts of
   land are interested, the railway company cannot, by a single ap-
   peal, transfer the entire proceedings to the district court.

2. —— *Trial— Value —Damages.* On appeal to the district
   court from the appraisement of such commissioners, the trial, is
   therein had for the determination of values and damages as of the
   time when the report of the commissioners was filed.

3. PETITION — *Cause of Action, not Stated.* A petition fails to
   state a cause of action against a landowner, in an action brought
   by a railway company to recover back the difference between the
   award of the commissioners in condemnation proceedings — the
   same having been paid to the landowner— and the amount after-
   ward awarded by a jury on the trial of an appeal in the district
   court, when such petition shows that the commissioners awarded
   damages in addition to the value of the land taken, and that the
   verdict of the jury simply found the value of the land appropri-
   ated, at the time of the trial.

4. —— *No Appeal, When.* A party cannot appeal from the
   award of the commissioners in condemnation proceedings, and at .
   the same time voluntarily comply with the award, or accept the
   benefits thereby conferred.

MEMORANDUM.— Error from Wyandotte court of
common pleas; T. P. ANDERSON, judge. Action by
The Missouri Pacific Railway Company against Jo-
seph Gruendel, on appeal from an award for right
of way. Judgment for defendant. The plaintiff brings
the case to this court. Affirmed. The opinion here-
in, filed April 1, 1896, states the nature of the action
and the material facts.

*Waggener, Horton & Orr*, for plaintiff in error.
*Hutchings & Keplinger*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This action grows out of condemnation proceedings instituted by the Missouri Pacific Railway Company for the purpose of condemning certain lands in Wyandotte county for the right of way of its road. From the assessment of damages made by the commissioners (appointed by the judge of the district court of that county) in favor of the owners of the land sought to be taken, the railway company attempted to appeal to the district court. In order that it might immediately occupy the lands condemned, the company paid to the treasurer of said county the amount of the damages reported by the commissioners, and took actual possession of the premises. On the hearing of the appeal in the district court, a jury found the value of the lands appropriated to be much less than the amount of the appraisement of the commissioners, and the amount so found by the jury was by the court awarded as the damages to which the landowners were severally entitled. The amount of the appraisement of the commissioners for the damages done to the land of the defendant in error having been, on his demand, paid to him by the county treasurer from the moneys deposited by the railway company, this action was brought for the purpose of requiring the defendant to refund the difference between the amount of the damages ascertained by the commissioners and the amount awarded by the district court on the subsequent trial. The court of common pleas of Wyandotte county, in which this action was tried, held that the petition of

the railway company failed to state a cause of action against the defendant, Gruendel, and sustained an objection to the introduction of any evidence under it.

The only question, therefore, for consideration is : Does the petition filed by the railway company state facts sufficient, if true, to entitle it to recover? The objections to the petition are based upon several grounds : First, that the railway company had no right to appeal from the report of the commissioners, and the proceedings in the district court were, therefore, a nullity ; second, that if an appeal would lie, it was not taken in such manner as to give jurisdiction to the district court ; and, third, that by paying the amount of the appraisement of the commissioners, and occupying the land condemned, any right to an appeal was waived. The view we take of this case makes it unnecessary to pass upon the first objection — the right, under the statute, of a railway company to appeal from the appraisement of damages made by commissioners appointed on the petition of such company to condemn lands for its use. The language of the statute on the subject is :

"An appeal shall be had . . . as to the value of the land, crops, buildings and other improvements on said land, and for all other damages sustained by such person or persons by reason of such right of way so appropriated, in the same manner as appeals are granted from the judgment of a justice of the peace to the district court." (Gen. Stat. 1889, ¶ 1395.)

This is literally broad enough to authorize an appeal by either party, though, it must be admitted, there is not the same reason for allowing an appeal to the condemning corporation as there is to the landowner ; for the former may, at its option, accept the appraisement, or, if dissatisfied with the amount, abandon the proceedings, while the landowner, with-

out alternative or right of choice, must accept the damages awarded him in lieu of his land. Whether the right of appeal should be conferred upon either party, is entirely within the discretion of the legislature. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, 28 Kan. 453.) Previous to the statute of 1868, the award of the commissioners was final as to all parties. It is clear, however, that neither party can exercise the right of appeal, nor claim any benefits therefrom, except by a substantial compliance with the statute. As the manner of taking an appeal is the same as that provided by law for an appeal from a judgment of a justice of the peace to the district court, the procedure in the latter class of cases becomes important in this case. Section 121 of the act relating to justices of the peace provides:

"The party appealing shall, within 10 days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient security, to be approved by such justice, in a sum not less than $50 in any case, nor less than double the amount of the judgment and costs, conditioned . . . ." (Gen. Stat. 1889, ¶ 4973.)

In condemnation proceedings, the adverse parties are the owners of the lands sought to be appropriated. The proceedings are instituted and conducted by a notice to landowners which is of a mere general nature, no personal notice being required. The appraisement is necessarily made upon actual view by the commissioners, and the proceedings are of such a character that every landowner has an opportunity to have actual knowledge of, and to participate in, such proceedings, so far as they relate to the ascertainment of values and damages. The commissioners are required to appraise the value of the land appropriated, and assess the damages sustained, as to each landowner,

and so to report the same. Consequently, when the report of the commissioners has been filed, the names of the several landowners ordinarily appear therein, thus definitely disclosing what persons are adversely interested in the condemnation proceedings. An appeal by the landowner is effected by the execution of a bond to the railway company. An appeal by the railway company can be secured, if at all, only by the execution of a bond to the party adverse to it—the landowner. The further proceedings are no longer between the railway company on the one side and all those interested in the lands to be condemned on the other. An appeal lies for the separate determination of the amount of damages sustained by the owner or owners of each tract of land. By an appeal an action is docketed in the district court, in which the landowner is the plaintiff and the railway company the defendant. The issue to be tried is the amount of the damages sustained by a particular landowner by reason of the appropriation and use of his land by the railway company. (*Mo. R. Ft. S. & G. Rld. Co. v. Owen*, 8 Kan. 409 ; *C. K. & W. Rld. Co. v. Butts*, 55 id. 660.)

The statutory method of procedure does not seem to have been followed by the railway company in this case. The petition alleges that said company,

"feeling itself aggrieved by said report, did, within the time and manner provided by law, file its appeal bond and perfected its said appeal, and did appeal from the said award of said commissioners, so made as aforesaid, to the district court of said county of Wyandotte."

This is the only direct allegation relating to the taking of an appeal. It is objected by the defendant in error that said allegation is nothing more than the statement of a legal conclusion, and that it should be

disregarded.  Conceding, however, its sufficiency as against an attack made by an objection to the introduction of evidence, there are other allegations of the petition which go to show that Joseph Gruendel, the owner of the land condemned, was not known nor recognized as an adverse party in the appeal.  As appears from the petition, the matter was presented, considered and determined in the district court the same as if, by the appeal, the entire condemnation proceedings, so far as values and damages were concerned, were before that court for retrial.  The jury had submitted to it for determination at one time, and by one verdict, the question as to the amount of damages to be assessed along the entire route for which the lands were to be condemned.  The one there recognized as the adverse party to the railway company was the board of county commissioners of Wyandotte county, represented by the county attorney, a party in no sense having an interest adverse to the railway company.  The county commissioners had nothing to do with the controversy, in any way.  The matter was disposed of upon the evidence submitted by the railway company alone, no other evidence being offered or introduced.  The county attorney apparently acquiesced in what was done, his appearance being more a matter of form than for the purpose of engaging in any contest over the question of damages.  There was no appearance for the landowner, and, so far as appears from the allegations of the petition, he had no actual knowledge of the proceedings upon the so-called appeal.  The fact that the question of the damages sustained by all the landowners who were affected by the condemnation proceedings was submitted to the one jury clearly indicates that the railway company ignored the individual landowner, and attempted, by

a single appeal, in which the board of county com-
missioners was recognized as the adverse party, to
have a rehearing in the district court of all such mat-
ters. To this effect are the direct allegations of the
petition, for it is nowhere stated that an appeal was
taken from the award made in favor of Joseph Gruen-
del. The allegation is, that the railway company
"did appeal from the said award of said commission-
ers so made as aforesaid," which was an award in
favor of each and all the landowners. Such an ap-
peal certainly cannot affect the landowner who makes
no appearance, who is not shown to have had actual
knowledge of the proceedings, nor afforded any oppor-
tunity to try before a jury in the district court, sep-
arate from the disputes and controversies of other
landowners, the question as to the amount which
should be allowed to him.

A further objection to the right of the plaintiff to
recover is based upon the allegations of the petition
with reference to the respective awards made by the
commissioners and by the jury. The petition alleges
that the commissioners "appraised the value of the
land, and the damages sustained, at the sum of $922,
and that upon the trial in the district court the jury,
by the verdict returned, found the value of the land
to be $161.33." The statute requires the commis-
sioners to appraise, not only the value of the land taken,
but, also, to assess the damages to the other lands of
the owner not specially appropriated. (*Hunt v. Smith*,
9 Kan. 137; *Reisner v. Union Depot & Rld. Co.*, 27 id.
382.) The inquiry in the district court was only par-
tial. It cannot be said that the value of the land
taken is necessarily the amount which the landowner
is entitled to be paid for the appropriation of a part
of his land. It is presumable that the railway com-

pany made as strong a case in its petition as the facts warranted. But it nowhere affirmatively appears that the defendant was not entitled to receive all that was paid to him, for the value of so much of his land as was actually appropriated and for the damages done to the remainder. The petition also shows that the report of the commissioners was filed with the county clerk August 10, 1888, and that the trial in the district court took place June 25, 1889 ; that the value. found by the jury was a present value — that existing at the time of the trial. This did not prove the value which the landowner was entitled to have appraised. Such inquiry must be directed to the time when the commissioners filed their report. (*St. J. & D. C. Rld. v. Orr*, 8 Kan. 419 ; *C. B. U. P. Rld. Co. v. Andrews*, 26 id. 702.)

We think, also, it must be held that the railway company could not appeal from the award of the commissioners, and at the same time comply therewith, or accept the benefits conferred by it. On October 8, 1888, the amount awarded by the commissioners to the defendant was deposited with the county treasurer, as required by law, and an actual appropriation of the land then made by the company. October 16, 1888, this condemnation money was paid to Gruendel by the county treasurer. This, we think, was a settlement of all the controversy between these parties. If the railway company desired to appeal, it should have awaited the final determination of the amount to be paid the landowner, before accepting the benefit of the proceedings. The effect of an appeal is to vacate the assessment. (*Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kan. 514 ; *Reisner v. Union Depot & Rld. Co.*, 27 id. 382.) If it is to be vacated, the amount of the compensation to be paid the landowner remains un-

settled, and no payment or tender can be made except by a recognition of the right of the landowner to receive the amount awarded by the commissioners. The payment of the award to the county treasurer is made for the landowner. It is, in legal effect, a tender of the money to him through that officer. The making of a tender of any kind implies the right of the one to whom the tender is made to accept it. In this case, a voluntary tender of the money awarded by the commissioners was made by the railway company to the landowner, and it was accepted by him. This was done without conditions or 'limitations. Even conceding that the appeal would lie, and was properly taken by the railway company, it certainly had the right at any time to abandon the appeal and pay the amount of the award which the landowner was willing to accept. A party who either voluntarily complies with a judgment, or accepts benefits under it, is estopped from further controversy over the subject-matter of the action. (*Babbitt v. Corby*, 13 Kan. 612; *Bradley v. Rogers*, 33 id. 120; *The State v. Conkling*, 54 id. 108; *Savings Bank v. Butler*, 56 id. 267; *Railway Co. v. Byington*, 14 Iowa, 572; *Trust Co. v. Harless*, 131 Ind. 446.) In the case last cited, in which the condemning corporation sought to take an appeal from the award of the commissioners, and at the same time accepted the benefits of the condemnation proceedings, the court said:

"In this case, under our statute, the appellant here had the right to appeal from the assessment of damages and forego an entry upon the land of the appellees until such appeal was determined, or it had the right to pay into court the amount of the assessment and enter upon the land at once, but we think it did not possess both these rights. When it elected to pay the assessment and enter upon the land, it must be

held to have selected its remedy, and must be held to such election. The money, when paid into court, if the appellees were satisfied with the assessment, represented the land appropriated, and at once became the property of the appellees.''

The fact that in this case the appeal was first taken cannot affect the rule, when the payment was made and the benefits of the award accepted before the trial in the district court. Notwithstanding the appeal, the landowner, upon the tender to him of the amount of the award, had a right to accept it as an expression of the intention of the railway company not further to prosecute the appeal, and of its willingness to submit to the award made by the commissioners. A payment voluntarily made and accepted cannot be recovered back. (*Phillips v. Comm'rs of Jefferson Co.*, 5 Kan. 412; *K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 id. 587.) We are unable to understand on what principle a payment made and accepted under the circumstances disclosed by the petition can be recovered back. These facts all appearing upon the face of the petition, no error was committed in holding that they did not state a cause of action against the defendant.

The judgment will be affirmed.

All the Judges concurring.