### FREDERICK SMITH v. E. R. POWELL.
#### No. 178.

JUDGMENT—*party accepting benefits of, cannot seek to reverse.* A party who excepts to an order of the court for the distribution of the proceeds of an execution sale in the hands of the clerk, and thereafter and before proceedings in error are begun, withdraws the amount awarded him, giving his receipt therefor, is estopped to prosecute such proceedings in error, and the facts being properly brought to the attention of this court, the petition in error must be dismissed.

Error from Sedgwick District Court. Hon. C. Reed, Judge. Opinion filed March 8, 1897. *Dismissed.*

In a foreclosure action, Powell and Smith each obtained a money judgment against York, and each obtained a decree of foreclosure of his mortgage. The plaintiff in error and defendant in error were both interested in the same fund in the hands of the clerk of the district court. The court ordered a distribution of the fund between them in proportion to the amount of their respective judgments. Plaintiff in error excepted to this order and filed proceedings to have the ruling of the trial court reviewed.

Defendant in error moves to dismiss this case because the plaintiff in error, on the day the order of

SMITH v. POWELL. 653

March 8, 1897.        Opinion.    Milton, J.           C. Div.

which he complains was made, demanded and received of the clerk the portion of the fund awarded him in the order.

*Trimble & Braley*, for plaintiff in error.

*W. E. Stanley*, for defendant in error.

MILTON, J. We have read the transcript and the briefs of counsel for both parties with great care, and have also read all the authorities which have been cited. Under the facts presented by the record itself and by the affidavit in support of the motion to dismiss, we hold that plaintiff in error is not entitled to a decision upon the merits of the controversy. The case should be dismissed.

On the day he excepted to the order of distribution which gave him four hundred dollars and the defendant in error $365.40, plaintiff in error, by his attorney of record, demanded and received the sum awarded. We think this was an action inconsistent with that of appealing from the order. Plaintiff in error has thus estopped himself from prosecuting these proceedings in error. This conclusion is in line with the great weight of authority, and no case has been cited which announces a different rule. *Babbitt v. Corby*, 13 Kan. 612; *Hoffmire v. Holcomb*, 17 id. 378; *Rasure v. McGrath*, 23 id. 600; *Perkins v. Bunn*, 56 id. 271; *Savings Bank v. Butler*, 56 id. 267. In the latter case the court quotes approvingly from *Albright v. Oyster* (60 Fed. Rep. 644), as follows:

"No rule is better settled than that a litigant who accepts the benefits, or any substantial part of the benefits, of a judgment or decree, is thereby estopped from reviewing and escaping ro m its burdens. He cannot avail himself of its advantages and then question its disadvantages in a higher court."

The petition in error will therefore be dismissed.