# MACFARLAND *v.* POULOS.

APPEAL AND ERROR; MOTION TO DISMISS APPEAL; PARTIES; EMINENT DOMAIN.

1. On an appeal by the municipal authorities from an order confirming an award of the jury in a proceeding to condemn land for street-extension purposes, although the record failed to show that any notice of appeal was given in open court, or that a citation on appeal was issued, this court, while directing attention to the fact that the court, by reason of such omission, might decline to entertain jurisdiction, did so, in the absence of a motion to dismiss on that ground.

2. A motion to dismiss an appeal, made by one of several appellees in a proceeding to condemn land, was granted on the ground that such appellee must have been included in the appeal by inadvertence, as there was nothing to show that there had been any assessment of benefits or damages on account of property owned by her.

3. Where the commissioners of the District of Columbia, after confirmation, of an award of damages in favor of property owners and an assessment of benefits against lands of other property owners, in a proceeding to condemn land for street-extension purposes, pay the amount awarded as damages, collect the benefits assessed, and take possession of the condemned land, they have no right of appeal from the order of confirmation; and such an appeal will be dismissed on motion by the property owners, supported by affidavits showing that the judgment has been so executed. (Construing sec. 491m, D. C. Code, 34 Stat. at L. 153, chap. 2070, and citing *Winslow* v. *Baltimore & O. R. Co.* 28 App. D. C. 126, 208 U. S. 59, 52 L. ed. 388, 28 Sup. Ct. Rep. 190.)

No. 1965. Submitted January 6, 1909. Decided March 2, 1909.

HEARING on a motion by the appellees to dismiss an appeal from an order of the Supreme Court of the District of Columbia confirming a verdict of the jury in a proceeding to condemn land for public purposes.                                    *Granted.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment confirming the verdict of a jury in a proceeding to condemn land for public purposes.

An act of Congress approved June 27, 1906, authorized the commissioners of the District of Columbia to condemn sufficient land for the extension of Monroe street, at a width of 60 feet, from Harrison street northward to the Eastern branch of the Potomac or Anacostia river, to furnish an approach to a bridge authorized to be constructed across said river. The proceedings were directed to be had under the provisions of the District Code, chap. 15. See 34 Stat. at L. pp. 152, 153, chap. 2070.

The petition of the commissioners described the several tracts of land sought to be condemned, naming the several owners, as follows: Maria Frederick, John Appich, John F. Campbell, Pauline Campbell, Amelia S. Rick, and Henry A. Griswold, trustee for Christie and Dodington. Service of notice was had upon the parties, and a jury of five men was summoned. The jury returned a verdict and report showing the several sums awarded as damages respectively, and assessed as benefits against the lands of a number of adjacent owners. The commissioners moved the confirmation of the verdict, and the same was excepted to, in respect of benefits assessed, by James Poulos, Caroline Appich, Pauline Campbell, Amelia S. Rick, Maria Frederick, Henry A. Griswold, trustee, and George F. Pyles. Poulos and Pyles were not owners of any of the lands condemned, but owned lands which were assessed for benefits. The assessment against Poulos amounted to $1,500, and that against Pyles on six parcels aggregated $2,500. The commissioners moved to confirm the entire verdict. The court confirmed the same as to four lots owned by Maria Frederick, but set it aside as to the parties excepting thereto, and as to one lot owned by

Maria Frederick.   There were no exceptions filed by others who
had been assessed for benefits, but the judgment on the verdict
is silent as to them.   A second jury was ordered to be summoned.
The verdict of this jury awarded damages as follows for land
taken: Henry A. Griswold, trustee, $5,062; Amelia S. Rick,
$543; Pauline Campbell, $1,756; Maria Frederick, $5,558.25.
Benefits to the amount of $300 were assessed also against said
Maria Frederick.   The commissioners excepted to this verdict,
and upon its confirmation appealed.

A bill of exceptions sets out a brief statement of facts, the
charge of the court, excepted to, and certain instructions prayed
by the commissioners, which the court had refused to give.

*Mr. J. A. Maedel, Mr. John Ridout, Mr. Ralph P. Barnard,*
and *Mr. Guy H. Johnson* for the motion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr.
James Francis Smith,* Assistant, opposed.

*Mr. George C. Gertman* filed a brief as *amicus curiæ.*

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

Five of the appellees have moved to dismiss the appeal.
Preliminary to their consideration, it is to be remarked that the
record does not show that notice of appeal was given in open
court; nor is there any citation on appeal.   Consequently, there
is nothing in the record, but the recital of certain of the appel-
lees' names in the verdict, and others in the title of the cause,
to indicate the parties actually included in the appeal.   As no
motion to dismiss has been made on this account, it will be pre-
sumed that a notice of appeal was given as to the parties named,
and that it was omitted in the designation of the parts of the
record to be included in the transcript because considered unnec-
essary.   The difficulties presented by this case suggest the im-
portance of including the notice of appeal in all transcripts of

records. In the absence of such notice the court may, of its own motion, decline to entertain jurisdiction.

The motion of Caroline Appich differs from the others in the grounds assigned, and will be first considered. There is nothing in the record to show that she was ever a party to the proceeding. John Appich was named in the petition as owner of two parcels of land sought to be condemned. Whether she was represented by him, or succeeded to his interest in any manner, does not appear, and, in so far as this motion is concerned, is immaterial. John Appich was included in the first verdict, and did not except thereto. Neither his nor her name is mentioned in the second verdict, nor does the exception to that verdict include, as a ground thereof, the failure of the jury to assess either damages or benefits on account of any property owned by her. She must have been included in the appeal through inadvertence, and her motion will be granted.

The motions of Pauline Campbell, Amelia S. Rick, Maria Frederick, and Henry A. Griswold, trustee, present similar grounds and will be considered together. Affidavits accompanying these motions show the following facts, which are undenied: After the confirmation of the verdict and the taking of the appeal therefrom, the commissioners paid to these parties the damages awarded to them respectively, and collected from Maria Frederick the benefits assessed against her. They then took possession of the condemned property, removed the improvements thereon, and filled up the same so as to bring it to the desired grade as a street and complete the approach to the bridge, in accordance with the object of the condemnation proceedings. The contention is that, having taken the property in pursuance of the judgment appealed from, and paid the amounts awarded thereby as damages, the judgment has been executed, and the right to appeal therefrom has been lost. There is no doubt that a party whose land has been condemned vacates his appeal from the judgment of condemnation by accepting payment of the amount awarded to him. *Winslow* v. *Baltimore & O. R. Co.* 28 App. D. C. 126, 143, 208 U. S. 59, 52 L. ed. 388, 28 Sup. Ct. Rep. 190. The contention is that the same rule must be applied in the case of the condemning party also.

It has been held by the Supreme Court of the United States that the constitutional provisions that property shall not be taken "for public use without compensation" does not require that the compensation shall be actually paid in advance of the occupancy of the land to be taken. "But the owner is entitled to reasonable, certain, and adequate provision for obtaining compensation before his occupancy is disturbed." *Cherokee, Nation* v. *Southern Kansas R. Co.* 135 U. S. 641, 659, 34 L. ed. 295, 303, 10 Sup. Ct. Rep. 965. In that case, which arose in the Indian Territory, under an act of Congress, the statute provided that, before the railway shall be constructed through any lands proposed to be taken, full compensation shall be made to the owner for all property taken or damage done. In event of appeal from the award, the company was required to pay into court double the amount of the award, to abide the judgment, and, that being done, possession could be taken and the construction proceeded with. This provision was held to be sufficiently reasonable, certain, and adequate to secure the just compensation to which the owner is entitled.

The only provision of the Code governing the proceedings in this case, is sec. 491m, which reads as follows: "Any party aggrieved by any final order of the court may appeal therefrom to the court of appeals of the District of Columbia; but no appeal from any order of the court confirming any award of damages or assessment for benefits, nor any other proceeding that may be taken by any person, at law or in equity, against the confirmation of any award of damages, or any assessment for benefits, shall delay or prevent the payment of the damages awarded to other persons in respect of the property condemned, or delay or prevent the taking of the property sought to be condemned, or delay or prevent the opening, extension, widening, or straightening of the street, avenue, road or highway." 34 Stat. at L. p. 153, chap. 2070.

It is, in general, of very great importance that a street, when ordered to be established by condemnation, should be opened and improved as speedily as the procedure provided therefor will permit; and the perception of this is manifest in

the last clause of the section quoted. Unfortunately, however, no provision is made for effecting this object, as was the case in the statute governing the procedure in *Cherokee Nation* v. *Southern Kansas R. Co. supra*. If this were an appeal by the landowner from an award satisfactory to the commissioners, it is quite clear that they could not take possession, pending that appeal, and convert the land into a street, because the statute does not undertake to make the reasonable, certain, and adequate provision for compensation to which the owner is entitled before he can be dispossessed.

Notwithstanding the public use justifying the taking of the lands in this case is of the highest form, and would seem to call for legislation to prevent delay in its execution, yet such legislation, to avoid conflict with the constitutional guaranty, must make like provision for the security of the owner's complete compensation. It may be true that, in case of appeal by the public authority from an award with which the landowner is satisfied, the latter would be amply secured by requiring the amount of the award to be deposited in the registry of the court, to await the determination of the appeal. But no such provision is made in the statute. It is not necessary to inquire whether the court having jurisdiction in the premises, in order to carry out the intent expressed in the last clause of the section, would have the implied power to order such a deposit to be made as a condition precedent to granting the right to take immediate possession, because no such order was made or applied for.

We are not informed in respect of the conditions of public importance or exigency which may have impelled the commissioners to take possession of the land, remove the improvements thereon, and convert it into a public street, without awaiting the result of their appeal. We are therefore constrained to regard their payment of the several awards as a voluntary settlement which estops them to prosecute the appeal before taken. This conclusion is supported by the following decisions, the first two of which are directly in point. *Helm & N. W. R. Co.* v. *Turner*, 89 Miss. 334, 42 So. 377; *Missouri P. R. Co.* v. *Gruendel*, 3 Kan. App. 53, 60, 44 Pac. 439; *Consumers' Gas*

*Trust Co.* v. *Harless,* 131 Ind. 446, 15 L.R.A. 505, 29 N. E. 1062.

Only one case, so far as we have been able to discover, maintains a different doctrine. *Com.* v. *Hall,* 8 Pick. 440, 442. In that case a turnpike company filed a petition for a writ of certiorari to vacate an award of damages by commissioners in a proceeding of which it had no notice. A motion was made to quash the writ on the ground that pending the proceeding the company had paid the award, taken possession, and constructed its road. The court said that if the payment had been voluntary the motion would be granted. But upon the showing of the company that it was compelled to enter and build the road at once, or else suffer a forfeiture of its corporate franchise, the court held that the payment was compulsory, and denied the motion. It does not appear from the report of the case what were the provisions of the Constitution and laws of Massachusetts relating to the taking of property for public use. If, however, that case is to be regarded as involving merely the right to recover money paid to another, and depended upon whether the particular payment was voluntary or upon compulsion, it is distinguishable from this, because, upon the proved facts, the court considered the payment as compulsory. In the present case there was no showing of a necessity for the immediate taking of the land, and it cannot be presumed. The situation in which the District authorities are placed in such cases as this calls for a remedy by Congress. It follows that the motions to dismiss must be granted.

The remaining appellee, Poulos, named as such in the title of the cause, has entered no appearance, and there is nothing beyond the inclusion of his name, as aforesaid, to indicate that he is a party to the appeal. His name does not appear in the verdict or the judgment thereon, or in the bill of exceptions, and there is, therefore, nothing to give this court jurisdiction over him, or any interest of his that might possibly be affected.

For the reasons given, the appeal will be dismissed, with costs. It is so ordered.                          *Dismissed.*